[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11567
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00466-GKS-GJK


CATHERINE M. HUNTER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 7, 2016)

Before WILLIAM PRYOR, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Catherine Hunter, proceeding *pro se*, appeals the district court's order affirming the Commissioner of Social Security's ("Commissioner") denial of disability insurance benefits ("DIB").  On appeal, Hunter argues that the administrative law judge ("ALJ") made only a "boilerplate" credibility finding, erred by giving no weight to the opinion of her treating physician, failed to include all of her impairments and consider them jointly in her decision, and did not address whether she met a listed impairment.  The Commissioner responds that Hunter has waived many of her arguments and that the rest fail on the merits.  After careful review of the parties' briefs and the record, we affirm.

## I.

Hunter filed an application for a period of disability and DIB, alleging a disability onset date of April 27, 2007.  Hunter alleged that she had bipolar disorder, anxiety disorder and panic attacks, a sleep behavioral disorder, and severe back problems, including a bulging disc in her back.  Eventually, Hunter's claim was heard by an ALJ in March 2012.

After the hearing, the ALJ issued her decision denying Hunter's claim for benefits.  Initially, the ALJ determined that Hunter remained insured under the Social Security Act through December 31, 2007 ("the date last insured").  Accordingly, the ALJ analyzed whether Hunter was under a disability from the disability onset date through the date last insured.

Using the five-step sequential process, the ALJ found the following: (1) Hunter had not engaged in substantial gainful activity during the relevant period; (2) she had severe impairments of anxiety disorder, bipolar disorder, obsessive-compulsive personality disorder, paranoia, disc herniation of the cervical spine, and neck and back pain; (3) she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listings in the Listing of Impairments, specifically Listings 12.04 and 12.06; (4) based on Hunter's residual functional capacity ("RFC"), Hunter could not perform her past relevant work; and (5) considering Hunter's age, education, work experience, and RFC, there were jobs in the national economy in significant numbers that she could perform.

The ALJ determined that Hunter had the RFC to perform light work, except that she could occasionally stoop and climb ladders, ropes, and scaffolds; was limited to frequent overhead reaching bilaterally; could perform simple, routine, repetitive one-to-two-step tasks; and should not work with the general public or with a team. In light of that RFC and a vocational expert's testimony, the ALJ determined that Hunter was capable of making a successful adjustment to other work that existed in significant numbers in the national economy, such as a cleaner housekeeper or assembler of printed products.

Hunter sought review of the ALJ's decision from the Appeals Council, which denied review, making the ALJ's decision the final decision of the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Hunter then challenged the ALJ's decision in federal district court. *See* 42 U.S.C. § 405(g). Based on the recommendation of the magistrate judge, the district court affirmed the Commissioner's decision. Hunter now appeals.

## II.

In Social Security appeals, we review "whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted). Our deferential review precludes us from deciding the facts anew, making credibility determinations, or re-weighing the evidence. *Id.* Consequently, we must affirm the agency's findings, including credibility determinations, if they are supported by substantial evidence, even if the evidence preponderates against them. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

A claimant for disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process, which includes the

following considerations: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) if not, based on an RFC assessment, whether the claimant can perform any of her past work, even with the impairment; and (5) if not, whether significant numbers of jobs exist in the national economy that the claimant can perform in light of the her RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178.

### III.

Hunter contends that the ALJ made a "boilerplate" credibility finding and failed to appreciate the objective evidence. The ALJ found that Hunter's medical impairments could reasonably be expected to give rise to the alleged symptoms but that Hunter was not fully credible regarding her symptoms, functional limitations, or inability to engage in work activity on a consistent and sustained basis.

Where a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms, the "pain standard" applies. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The Commissioner must consider a claimant's subjective testimony if the claimant shows "evidence of an underlying medical condition, and

5

either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. The ALJ may discredit a claimant's subjective testimony, but the ALJ must "articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225.

Here, the ALJ's decision to discredit Hunter's subjective testimony was supported by substantial evidence. *See Mitchell*, 771 F.3d at 782. Far from making a "boilerplate" credibility finding, the ALJ examined Hunter's medical records in detail and provided explicit and adequate reasons for discrediting Hunter's testimony. The ALJ found that Hunter's mental-health treatment records and evidence of her daily activities, such as regularly driving a car, failed to support her testimony that she was unable to work due to diminished focus, panic attacks, and emotional outburst. The ALJ also noted that no medical records indicated that Hunter had received mental-health treatment during the alleged period of disability. The ALJ likewise reviewed medical records of Hunter's physical impairments and found that the evidence failed to support her testimony regarding the severity of her symptoms.

Hunter contends that the ALJ failed to appreciate the objective evidence, but the ALJ was not required to discuss every piece of evidence in her decision. *See id*. The ALJ's decision did not constitute an impermissible "broad rejection," and it was sufficient to show that the ALJ considered Hunter's medical condition as a whole and had a reasoned basis, supported by substantial evidence, for discrediting Hunter's subjective testimony. *See id.* Furthermore, the ALJ did not violate the pain standard because, although the ALJ found that Hunter's impairments could reasonably be expected to cause to the alleged symptoms, the ALJ articulated explicit and adequate reasons for discrediting Hunter's subjective testimony, which was critical to her claim. *See Wilson*, 284 F.3d at 1225; *Marbury*, 957 F.2d at 839.

Next, Hunter argues that the ALJ erred in deciding to give the opinion of her treating physician, Dr. Parmanand Gurnani, little weight. The ALJ must give the opinion of a treating physician substantial or considerable weight unless good cause is shown not to do so. *Winschel*, 631 F.3d at 1179. Good cause exists where (1) the physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the physician's opinion was conclusory or inconsistent with his or her own medical records. *Id.* "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* When the ALJ's articulated reasons for assigning limited weight to

a treating physician's opinion are supported by substantial evidence, no reversible error occurs. *See Moore*, 405 F.3d at 1212.

Here, the ALJ articulated reasons, supported by substantial evidence, showing good cause to assign Dr. Gurnani's 2012 evaluation little weight. *Winschel*, 631 F.3d at 1179. The ALJ found that Dr. Gurnani's statement lacked supporting treatment records, that Hunter had not seen Dr. Gurnani for seven years before the evaluation, and that the evaluation was inconsistent with other evidence on the record. The record supports these findings. As a result, the ALJ articulated good cause not to give Dr. Gurnani's opinion substantial weight. *See id.*

Third, Hunter argues that the ALJ's finding of no disability is not supported by substantial evidence because the ALJ failed to include all of Hunter's impairments when presenting a hypothetical question to the vocational expert. At step 5 of the evaluation process, the ALJ must determine whether significant numbers of jobs that the claimant can perform exist in the national economy. *Id.* at 1178. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Id.* at 1180. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments." *Id.* (quotation marks omitted). But the ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected

8

as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, because substantial evidence supports the ALJ's decision to give the medical opinion of Dr. Gurnani little weight, the ALJ was not required to include in the hypothetical Dr. Gurnani's additional findings. *See Winschel*, 631 F.3d at 1180; *Crawford*, 363 F.3d at 1161. In addition, to the extent Hunter argues that the ALJ failed to consider Hunter's disc herniation of the cervical spine, we disagree, as the ALJ found that it was a severe impairment and Hunter has not explained how this impairment should have affected her RFC assessment. Overall, Hunter has not shown that the ALJ's hypothetical question failed to contain all relevant limitations. *See Crawford*, 363 F.3d at 1161.

Finally, Hunter contends that her severe mental impairments, which she asserts are permanent and have affected her since childhood, met Listing 12.08. But because she did not raise this argument to the district court, we do not consider it on appeal. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 (11th Cir. 1994) ("As a general principle, this court will not address an argument that has not been raised in the district court."). In any case, the ALJ's determination that Hunter did not meet the "Paragraph B" criteria for Listings 12.04 and 12.06 likewise precludes Hunter from showing that she met Listing 12.08. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 12.04, 12.06, & 12.08.

Hunter asserts that the ALJ left out four of Hunter's conditions when assessing whether she met a listed impairment, but she does not explain what conditions were overlooked, nor does our review of the ALJ's decision support Hunter's assertion.

For the reasons stated, we conclude that the ALJ's decision finding that Hunter was not under a disability from the disability onset date through the date last insured was supported by substantial evidence and was based on proper legal standards.  Accordingly, we **AFFIRM.**