[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13071
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24327-MGC

MARIANELA BRITO,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 1, 2017)

Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Marianela Brito appeals the district court's order affirming the Social Security Commissioner's (Commissioner) denial of her application for disability insurance benefits (DIB).  On appeal, Brito raises three issues.  First, she argues that the Administrative Law Judge (ALJ) erred by failing to specifically discuss the weight she afforded to treatment notes and a mental status report prepared by Brito's treating psychiatrist, Dr. Jorge Benito, and by giving "little weight" and "less than controlling weight" to two other reports prepared by that psychiatrist.  Second, she argues that the ALJ erred by finding that Brito's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.  Third, she argues that the ALJ erred in her residual functional capacity (RFC) finding and in relying on a hypothetical she posed to the vocational expert (VE) which Brito claims did not include all of her impairments.  Upon careful review of the record and consideration of the parties' briefs, we affirm.

I.

In Social Security appeals, when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision, we review the ALJ's decision as the Commissioner's final decision.  *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the ALJ's legal conclusions de novo and consider whether the ALJ's factual findings are supported by substantial evidence.  *See Lewis v.*

2

*Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam).  "Substantial

evidence is more than a scintilla and is such relevant evidence as a reasonable

person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125

F.3d 1436, 1440 (11th Cir. 1997).  We do not "reweigh[] the evidence or

substitut[e] our own judgment" of the evidence, even if the preponderance of the

evidence weighs against the ALJ's decision.  *See Moore v. Barnhart*, 405 F.3d

1208, 1213 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

A claimant must be disabled to qualify for DIB.  42 U.S.C.

§§ 423(a)(1), 1382(a).  In relevant part, a claimant is disabled if he is "unable to

engage in any substantial gainful activity by reason of any medically

determinable . . . impairment that can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than twelve

months."  *Id.* §§ 1382c(a)(3)(A), 423(d)(1)(A), .  "[T]he claimant bears the burden

of proving that he is disabled," and "he is responsible for producing evidence in

support of his claim."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)

(per curiam).

The ALJ must give the opinion of a treating physician "substantial or

considerable weight unless good cause is shown" to not give it substantial weight.

*Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation

marks omitted).  Good cause to not give an opinion substantial weight exists

3

where: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with [his or her] own medical records." *Id.* at 1240–41. The ALJ must "clearly articulate" the reasons for disregarding a treating physician's opinion. *Id.* at 1241. When the ALJ's articulated reasons for assigning limited weight to a treating physician's opinion are supported by substantial evidence, there is no reversible error. *See Moore*, 405 F.3d at 1212.

In addition, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). However, we will reverse only if the ALJ "fails to state with at least some measure of clarity the grounds for his decision." *See Winschel*, 631 F.3d at 1179.

Here, first, the ALJ did not reversibly err by failing to assign specific weight to Dr. Benito's treatment notes or to his February 2012 Mental Status Report. While Brito correctly points out that the ALJ was required to state with particularity the weight given to medical opinions, the ALJ's discussion of Dr. Benito's opinions was stated with "at least some measure of clarity" sufficient to review the grounds for his decision. *See Winschel*, 631 F.3d at 1179. Second, substantial evidence supported the ALJ's decision to accord "little weight" and "less than controlling weight" to Dr. Benito's May 2012 and February 2013

4

opinions.  The record supported the ALJ's conclusion that these opinions were inconsistent with Dr. Benito's contemporaneous treatment notes.

## II.

"[C]redibility determinations are the province of the ALJ, . . . and we will not disturb a clearly articulated credibility finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citations omitted).  If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1).  In doing so, the ALJ considers all of the record, including the objective medical evidence, the claimant's history, and statements by the claimant and her doctors.  *Id*. § 404.1529(c)(1)-(2).  The ALJ then will examine the claimant's statements regarding her symptoms in relation to all of the other evidence, and "consider whether there are any inconsistencies" or conflicts between those statements and the record.  *Id*. § 404.1529(c)(4).  The ALJ is not required to examine every piece of evidence in his opinion, so long as the decision does not broadly reject the claimant's case and is sufficient for a reviewing court "to conclude that the ALJ considered the claimant's medical condition as a whole." *See Mitchell*, 771 F.3d at 782 (internal quotation marks omitted).

Here, substantial evidence supported the ALJ's finding that Brito's testimony regarding her symptoms was not entirely credible.  Although Brito points to other evidence in the record that was consistent with her hearing testimony and to which the ALJ did not specifically refer in making her credibility determination, the ALJ was not required to examine or reference every piece of evidence, so long as it is evident, as it is here, that the ALJ considered Brito's medical condition as a whole.  *Id.*

### III.

At step four of the evaluation process, the ALJ must determine a claimant's RFC by considering "all relevant medical and other evidence."  *See Phillips*, 357 F.3d at 1238.  The RFC is an assessment of a claimant's "ability to do work despite his impairment[]."  *Lewis*, 125 F.3d at 1440.  "At step five, the [ALJ] must determine that significant numbers of jobs exist in the national economy that the claimant can perform."  *Winschel*, 631 F.3d at 1180.  To make this determination, the ALJ either applies the Medical Vocational Guidelines or obtains testimony from a vocational expert.  *Id.*

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Id.* (internal quotation marks omitted).  "The hypothetical need only include the claimant's impairments, not each and every

symptom of the claimant." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted). The ALJ is "not required to include findings in the hypothetical that the ALJ properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam).

Here, Brito's objections to the ALJ's RFC analysis appear to be largely based on her assertions that the ALJ erred in failing to accord adequate weight to some of Dr. Benito's opinions and in improperly discrediting her hearing testimony concerning the severity of her symptoms. As discussed above, substantial evidence supported the ALJ's decision on both grounds. Furthermore, in regards to the ALJ's hypothetical posed to the VE, the ALJ was not required to include findings that she found to be unsupported by substantial evidence in her hypothetical question. *Id.*

## IV.

In conclusion, we hold that the ALJ did not err in assigning "little weight" and "less than controlling weight" to some of Dr. Benito's opinions that she found to be inconsistent with Dr. Benito's own treatment records, because substantial evidence supported her conclusion. Substantial evidence also supported the ALJ's conclusion that Brito's own hearing testimony considering the severity of her symptoms was not entirely credible, and contradicted by other evidence in the

7

record, including Brito's own prior statements.  Finally, substantial evidence supported the ALJ's overall RFC finding and her hypothetical to the VE was properly supported by the record.

**AFFIRMED.**