[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15845
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00148-JSS

THUONG MENNELLA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 22, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Thuong Mennella appeals the district court's order affirming the Commissioner's denial of her application for disability insurance benefits. Mennella contends the ALJ erred: (1) by failing to give substantial weight to treating physician Dr. Pratima Deshmukh's opinion that Mennella needs to elevate her right leg after 10-15 minutes of sitting and (2) by determining Mennella's subjective complaints were only partially credible.  After review,[1] we affirm.

## I.    DISCUSSION

### A.    Treating Physician's Opinion

First, Mennella asserts the ALJ erred by failing to give substantial weight to Dr. Deshmukh's opinion that Mennella needs to elevate her right leg after 10-15 minutes of sitting. We disagree.

The testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ must clearly articulate reasons for giving less weight to the opinion of a treating physician. *Id.* Failure to do so is reversible error.  *Id.*  But where the ALJ clearly articulates specific reasons

---

[1] Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "[W]e review *de novo* the legal principles upon which the Commissioner's decision is based." *Id.* The resulting decision is reviewed only to determine whether it is supported by substantial evidence. *Id.* "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.*

for failing to give a treating physician's opinion controlling weight, there is no reversible error. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Good cause exists where the treating physician's opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the treating physician's opinions are conclusory or inconsistent with his own medical records. *Lewis*, 125 F.3d at 1440.

Several reasons the ALJ articulated provide good cause for declining to afford controlling weight to Dr. Deshmukh's opinion. We need only address one. As the ALJ observed, Dr. Deshmukh's opinion that Mennella needs to elevate her right leg after 10-15 minutes of sitting is not bolstered by the evidence. Mennella complained to Dr. Deshmukh of numbness in her leg on June 11, 2012. When Dr. Deshmukh's office followed up a few days later, Mennella reported the pain had subsided, but returned when she "overd[id] it." Nowhere in the treatment notes does Dr. Deshmukh advise Mennella to elevate her leg. Mennella did not report pain or weakness in her right thigh during at least four other visits to Dr. Deshmukh.  Mennella also denied numbness and tingling in her legs during multiple examinations with Dr. Kapil. Finally, Dr. Barber opined Mennella could sit without difficulty. In light of this evidence, the ALJ did not err in determining good cause existed to afford Dr. Deshmukh's opinion less than controlling weight.

3

B.      *Credibility of Mennella's Testimony*

Second, Mennella contends the ALJ's conclusion that her statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely credible is not supported by substantial evidence.  Again, we disagree.

In order to show a disability based on subjective pain testimony, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain, or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptoms.  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).  If the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so.  *Id.*  We will not disturb a clearly articulated credibility finding supported by substantial evidence.  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

No objective medical evidence confirms the severity of the alleged pain or shows the removal of a portion of Mennella's right thigh muscle and tissue could be expected to give rise to the claimed symptoms.  *See Wilson*, 284 F.3d at 1225.  Mennella's strength was normal in her right leg each time it was tested, and although some medical records indicate Mennella walked with a limp, later medical records indicate her gait was normal.  Finally, later medical records

4

uniformly indicate her sensation was normal.  The ALJ's clearly articulated credibility determination was supported by substantial evidence. We will not, therefore, disturb it. *See Mitchell*, 771 F.3d at 782.

## II.    CONCLUSION

The ALJ did not err (1) by failing to give substantial weight to Dr. Deshmukh's opinion that Mennella needs to elevate her right leg after 10-15 minutes of sitting or (2) by determining Mennella's subjective complaints were only partially credible. Therefore, we affirm.

**AFFIRMED.**