[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11217
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-02053-TBS

DANA CHAPMAN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 26, 2017)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Dana Chapman appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for a period of

disability, disability insurance benefits, and supplemental security income. After careful review, we affirm the district court.[1]

## I.

Chapman filed for benefits claiming she was disabled due to several physical and mental conditions. An Administrative Law Judge ("ALJ") denied Chapman's benefits claims. The ALJ found Chapman suffered from several "severe impairments" and had the residual functional capacity ("RFC") "to perform less than the full range of sedentary work." However, the ALJ determined there were jobs in the economy that Chapman could perform, and thus she was not disabled as defined by the Social Security Act.

In assessing Chapman's RFC, the ALJ considered her medical records but did not specifically discuss a letter from one of her treating physicians or the opinion of her chiropractor. The ALJ also discounted Chapman's testimony about the severity of her pain as inconsistent with some of her other statements and other record evidence.

Chapman asked the Appeals Council to review the ALJ's decision, as well as some additional medical records. The Appeals Council denied her request for review. Chapman then asked the Appeals Council to reopen her request for review to consider a form filled out by Dr. Latchman Hardowar in support of Chapman's

---

[1] The parties consented to jurisdiction by a magistrate judge. We refer to the magistrate judge's order as that of the district court.

application for a discharge from her student loans due to "total and permanent disability."

Chapman sought review of the Commissioner's decision in the district court. The district court affirmed the Commissioner's decision. This appeal followed.

## II.

We review the Commissioner's decision "to determine whether it is supported by substantial evidence," and review de novo whether it was based on proper legal standards. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted).

## III.

Chapman challenges the ALJ's decision in three ways. She argues that (1) the ALJ failed to address the opinion of one of her treating physicians, Dr. Damacio Pagan Rodriguez; (2) the ALJ failed to address the opinion of her chiropractor, Dr. Anthony Nalda; and (3) the ALJ's decision to discount Chapman's testimony about her pain was not supported by substantial evidence. We address each argument in turn.

3

A.

As to her first challenge, Chapman argues the ALJ erred by failing to address a letter from Dr. Rodriguez that said Chapman was "permanently disabled" and thus not able to serve on a jury.  She says the ALJ was required to consider and explicitly weigh the medical opinion of Dr. Rodriguez, who was her treating physician.

The medical opinion of a treating physician must be given "substantial or considerable weight" unless "good cause" is shown to the contrary.  Winschel, 631 F.3d at 1179 (quotation omitted).  "With good cause, an ALJ may disregard a treating physician's opinion, but he must clearly articulate the reasons for doing so."  Id. (quotation omitted and alteration adopted).  We have held that good cause exists when a physician's conclusory statement that a claimant is disabled is not explained by the doctor's medical findings.  See Bell v. Bowen, 796 F.2d 1350, 1353–54 (11th Cir. 1986) (per curiam).

For the purposes of this opinion, we accept that Dr. Rodriguez's letter excusing Chapman from jury duty was a "medical opinion" under the Social Security Administration's regulations, 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1), and that the ALJ erred by not explaining his reasons for disregarding the opinion. See Winschel, 631 F.3d at 1179.  However, this error would be harmless because the ALJ had good cause to disregard the letter, to the effect that it was not

4

supported by Dr. Rodriguez's medical findings.  See Bell, 796 F.2d at 1353–54; Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983).  Dr. Rodriguez's letter simply listed some of Chapman's impairments and said she was "permanently disabled."  But this conclusion was not supported by Dr. Rodriguez's medical records.  The ALJ considered these records in finding Chapman was not disabled.  The ALJ noted that although Chapman complained of hip and back pain to Dr. Rodriguez, she had also refused treatment options for her condition.  This refusal suggested Chapman's pain was not disabling.  The ALJ also found that Chapman's doctors, including Dr. Rodriguez, had treated her with pain medication with some success, which further suggested Chapman's pain was not disabling.  Because the ALJ determined Dr. Rodriguez's medical findings did not support a determination that Chapman was disabled, the ALJ was entitled to discount Dr. Rodriguez's conclusory statement to the contrary.  See Bell, 796 F.2d at 1353–54.  Therefore, even if the ALJ erred by not explaining his reasons for discounting Dr. Rodriguez's letter, the error was harmless.  See Diorio, 721 F.2d at 728.

## B.

Chapman argues second that the ALJ erred by failing to address the opinion of her chiropractor, Dr. Nalda, to the effect that she should avoid prolonged sitting or standing, as well as "repetitive motion activities with the lumbar and cervical spine."

5

Chiropractors are not an "acceptable [medical] source" for these purposes. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam); see 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  There is therefore no requirement that an ALJ give special weight to a chiropractor's opinion or specifically explain his reasons for disregarding the opinion.  Cf. Winschel, 631 F.3d at 1179 (requiring ALJs to give substantial weight or explain their reasons for disregarding treating physicians' opinions).  Instead, the ALJ need only "ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow [its] reasoning."  SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006).

The ALJ properly discussed the evidence from Dr. Nalda, despite not explicitly explaining the weight given to Dr. Nalda's opinion.  See id.  The ALJ detailed Chapman's chiropractic treatment and noted that Chapman said her "pain symptoms improved somewhat with . . . chiropractic care."  Also, the ALJ's RFC determination, which provided that Chapman "should be allowed to sit or stand for 30 minutes each," as well as only "balance, stoop, crouch, kneel, and crawl" on occasion, was consistent with Dr. Nalda's recommendations that Chapman should avoid prolonged sitting or standing, as well as "repetitive motion activities with the lumbar and cervical spine."  The ALJ therefore did not err in failing to explicitly mention Dr. Nalda's recommendation.  See id.; Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014) ("[T]here is no rigid requirement that

6

the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision is not a broad rejection which is not enough to enable a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (quotation omitted and alterations adopted)).

## C.

In Chapman's third challenge to the ALJ's opinion, she argues the ALJ's decision to discount her testimony about the severity of her pain was not supported by substantial evidence. The ALJ found that Chapman's complaints were not "fully credible" based on her own description of her daily activities and lifestyle, the degree of medical treatment she required, and inconsistencies between Chapman's assertions and other evidence in the record, including the reports of the treating and examining practitioners.

On review we will not disturb "[a] clearly articulated credibility finding with substantial supporting evidence in the record." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam). Here, the ALJ supported his credibility finding with substantial evidence. For example, he noted Chapman "described daily activities which are not limited to the extent one would expect," including caring for her 8-year-old daughter, driving, exercising, cooking small meals, cleaning her house, and shopping. The ALJ also found that Chapman received treatment for her symptoms that was "generally successful," including pain

7

medication, massage therapy, and chiropractic care.  Finally, the ALJ pointed to evidence that Chapman "has not been entirely compliant with treatment options, which suggests that the symptoms may not have been as limiting as [she] has alleged."  Each of these findings has support in the record.  The ALJ's decision to discount Chapman's testimony is therefore supported by substantial evidence.  See Mitchell, 771 F.3d at 782 ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." (quotation omitted)).

IV.

Last, Chapman asks this Court for a remand under sentence six of 42 U.S.C. § 405(g), so that the Commissioner can review the evidence from Dr. Hardowar.

A remand to the Commissioner is proper under sentence six where "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level."  Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).  A claimant can demonstrate good cause by showing the evidence did not exist "at the time of the administrative proceedings."  Id. at 878.

Chapman has not shown good cause for why the evidence was not submitted to the Appeals Council.  Dr. Hardowar filled out the form in June 2015, two

months before the August deadline for submitting new evidence to the Appeals Council.  Her counsel says that her law firm did not receive the form until after it was returned from the Department of Education in September.  However, there is no explanation as to why Chapman did not give a copy of the form to her counsel between June and August.  Because the evidence existed but was not submitted to the Appeals Council before the deadline, Chapman has failed to show the good cause required for a remand under sentence six.  See id. at 877–78.

**AFFIRMED.**