[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15318
_____

D.C. Docket No. 3:12-cv-00095-CAR

DONNELL MITCHELL,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 10, 2014)

Before MARTIN, JULIE CARNES and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Donnell Mitchell appeals the district court's order affirming the Administrative Law Judge's (ALJ) denial of his application for supplemental security income (SSI) and the Appeals Council's decision denying his request for review. On appeal, Mitchell contends substantial evidence does not support the ALJ's credibility determination and that the Appeals Council was required to discuss the new evidence he submitted to it when it denied his request for review. After review of the record and consideration of the parties' briefs, and having had the benefit of oral argument, we affirm.

## I. BACKGROUND

On February 27, 2009, Mitchell filed an application with the Social Security Administration for SSI, claiming he became disabled in January 1977.[1] Mitchell sought SSI on the basis that he could not stand for long periods of time or walk long distances because of pain in his back that radiated into his right leg. After the Commissioner of Social Security (the Commissioner) denied Mitchell's application, he requested and received a hearing before an ALJ. At a hearing on December 7, 2010, both Mitchell and a vocational expert testified. On January 3, 2011, the ALJ issued a decision finding Mitchell was not disabled within the meaning of the Social Security Act. The ALJ concluded in pertinent part that Mitchell's medically determinable impairments could reasonably be expected to

---

[1] Mitchell also pursued a claim for child's insurance benefits, but he specifically waived that claim and it is not a part of the instant appeal.

cause his alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment.

Mitchell requested review of the ALJ's decision from the Appeals Council and submitted additional documents to it, including (1) Progress Notes from a nurse practitioner; (2) Progress Notes from Dr. James Southerland, Mitchell's treating physician; and (3) a document from Dr. Southerland titled "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)." The Appeals Council denied Mitchell's request for review, explaining that it had considered Mitchell's reasons for disagreeing with the ALJ's decision as well as his additional evidence. According to the Appeals Council, the information did not provide a basis for changing the ALJ's decision. The Appeals Council, however, did not provide a discussion of Mitchell's new evidence.

Mitchell filed a complaint in the district court challenging the Commissioner's denial of SSI. A magistrate judge issued a report and recommendation, concluding the Commissioner's decision should be affirmed. Over Mitchell's objections, the district court adopted the magistrate judge's report and recommendation and affirmed the Commissioner's decision. This appeal followed.

## II.  STANDARD OF REVIEW

In social security cases, we review the Commissioner's decision for substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (quotation omitted).  We also review for substantial evidence the ALJ's determination that a claimant's assertions of pain are not credible.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."  *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted).  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

## III.  DISCUSSION

Mitchell first argues that substantial evidence does not support the ALJ's credibility determination.  We have held that credibility determinations are the province of the ALJ, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and we will not disturb a clearly articulated credibility finding supported by substantial evidence, *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).  The ALJ made a clearly articulated credibility finding and pointed to specific reasons

4

for discrediting Mitchell's subjective complaints of disabling pain.  That finding was supported by substantial evidence in the record.  Furthermore, contrary to Mitchell's contention that the ALJ ignored evidence favorable to Mitchell, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).  The ALJ's decision in this case was not a broad rejection and was sufficient to enable the district court and this Court to conclude the ALJ considered Mitchell's medical condition as a whole.  *See id.*

Next, Mitchell argues that when the Appeals Council denied his request for review, it was required to provide a discussion of the new evidence he submitted to it.  In support of his argument, Mitchell relies on this Court's decisions in *Mann v. Gardner*, 380 F.2d 182 (5th Cir. 1967); *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980); and *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984).[2]  Nothing in *Mann*, *Epps*, or *Bowen*, however, requires the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Our decision in *Mann* does not dictate the rule Mitchell desires for two reasons.  First, *Mann* arose in a different procedural posture than the instant case.  In *Mann*, a hearing examiner issued a recommended decision denying the claimant's application for benefits and the claimant then submitted new documentary evidence to the Appeals Council.  380 F.2d at 185.  The Appeals Council adopted the recommended decision and issued a decision explaining why the claimant was not entitled to a period of disability or disability insurance benefits.  *Id.*  *Mann* is therefore unlike—and not dispositive of—the situation in this case in which the ALJ issued a decision and the Appeals Council denied a request for review.

Second, the facts in *Mann*, unlike the facts in this case, enabled us to determine the Appeals Council perfunctorily adhered to the decision of the hearing examiner.  *See id.* at 187.  Specifically, the new evidence in *Mann* related to an entirely new condition which could have caused the claimant's back pain.  *See id.* at 185-86.  In issuing its decision, however, the Appeals Council failed to satisfactorily explain that new evidence.  *Id.* at 185.  Accordingly, we held the Appeals Council's decision was not supported by substantial evidence and stated that "[a]lthough the decision of the Appeals Council indicates that this new evidence was examined by it and refers to its inclusion in the record, it was not adequately evaluated."  *Id.*  In reversing and remanding, we stated "[w]e [were]

6

left with the firm conviction that the Appeals Council perfunctorily adopted the recommended decision of the Hearing Examiner without adequate evaluation of the newly discovered medical evidence." *Id.* at 187. Mitchell's new evidence, in contrast to the new evidence in *Mann*, did not demonstrate the existence of a new medical condition but, instead, was additional evidence of his degenerative disc disease. There is thus no affirmative indication in this case, like there was in *Mann*, that the Appeals Council perfunctorily adhered to the ALJ's decision. To the contrary, the Appeals Council expressly stated in its letter to Mitchell that it had considered his additional evidence, and we have no basis on this record to second-guess that assertion.

Mitchell's reliance on *Epps* is similarly unavailing. As in *Mann*, *Epps* arose in a different procedural context than the instant case. In *Epps*, an ALJ denied the claimant's application for disability benefits and the Appeals Council affirmed. 624 F.2d at 1269. *Epps* therefore does not speak to or control the instant case, which involved the Appeals Council's denial of a request for review.

*Epps*, moreover, involved a very different set of facts than the present case. As in *Mann*, the record in *Epps* provided us with an affirmative basis for concluding the Appeals Council failed to evaluate the claimant's new evidence. Specifically, the ALJ's denial of benefits in *Epps* was premised on the claimant's lack of radical treatment. *Id.* at 1273. It was therefore apparent from the record

7

that when the Appeals Council affirmed the ALJ's decision, it failed to consider the claimant's post-hearing evidence demonstrating he had recently been referred for consideration of radical intervention. *See id.* We explained that "[t]he rationale for the ALJ's determination was not expanded or revised by the Appeals Council. In affirming the hearing decision, the Appeals Council merely noted that it had considered the additional evidence submitted by Epps and found the ALJ's decision to be 'correct.'" *Id.* at 1272-73. Citing *Mann*, we stated:

> Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record.

*Id.* at 1273. On the record before us, we do not have a similar basis for doubting the Appeals Council's statement that it considered Mitchell's additional evidence.

*Bowen v. Heckler* also does not require the Appeals Council to discuss new evidence submitted to it when it denies a claimant's request for review. In *Bowen*, we concluded the record established that the Appeals Council did not adequately evaluate additional evidence submitted to it because it viewed each of the claimant's impairments in isolation and did not consider their combined effect. 748 F.2d at 634-35. We explained the Appeals Council instead "perfunctorily

8

adhered to the decision of the administrative law judge." *Id.* at 634 (quotations and brackets omitted).

*Bowen* requires the Appeals Council to apply the correct legal standards in performing its duties; it does not require the Appeals Council, when denying a request for review, to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision. Our reading of *Bowen* naturally follows from the fact that the Appeals Council in that case discussed all of the new evidence submitted to it, and the error we identified was the Appeals Council's perfunctory adherence to the ALJ's decision, which itself failed to view the claimant's impairments in combination and thus failed to conduct the appropriate analysis. *See id.*

As we have explained, nothing in *Mann*, *Epps*, or *Bowen* requires the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review. Those cases arose in different procedural contexts and involved different facts. Instead, this case is controlled by our decision in *Ingram v. Commissioner of Social Security*, 496 F.3d 1253 (11th Cir. 2007).

In *Ingram*, the claimant argued the Appeals Council failed to consider her new evidence of mental disability. *Id.* at 1262. We held the record contradicted the claimant's argument, explaining that the Appeals Council accepted the new

evidence but denied review because, even in light of the new evidence, there was no error in the ALJ's decision. *Id.* We are confronted with the same situation in this case. Mitchell contends the Appeals Council failed to evaluate his new evidence, but the record demonstrates otherwise. As in *Ingram*, the Appeals Council accepted Mitchell's new evidence but denied review because the additional evidence failed to establish error in the ALJ's decision. *See id.* On this record, we are confident the Appeals Council adequately evaluated Mitchell's new evidence. The Appeals Council, moreover, was not required to provide a detailed rationale for denying review. We note that our conclusion that the Appeals Council is not required to explain its rationale for denying a request for review is consistent with the holdings of other circuits that have considered this issue. *See, e.g.*, *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011); *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1232 (9th Cir. 2011); *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006); *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005); *cf. Damato v. Sullivan*, 945 F.2d 982, 989 (7th Cir. 1991).

Furthermore, the new evidence Mitchell submitted to the Appeals Council did not render the Commissioner's denial of benefits erroneous. *See Ingram*, 496 F.3d at 1262 ("[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."). The additional evidence was either cumulative of

10

the evidence before the ALJ or was not chronologically relevant, and none of it undermined the substantial evidence supporting the ALJ's decision. *See* 20 C.F.R. § 416.1470(b); *see also Dyer*, 395 F.3d at 1210 (explaining this Court must affirm under the substantial evidence test even if the proof preponderates against the Commissioner's decision).

## IV.  CONCLUSION

For the foregoing reasons, we conclude substantial evidence supported the ALJ's decision denying Mitchell's application for SSI, and we hold that the Appeals Council is not required to explain its rationale when denying a request for review.

**AFFIRMED.**