[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16968
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00906-JEO

REBA WILLIAMS,

                                                          Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 24, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Reba Williams appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. After careful review, we affirm the district court.[1]

## I.

In May 2012, Williams applied for disability insurance benefits. She alleged a disability onset date of August 31, 2009, when she had back surgery. An Administrative Law Judge ("ALJ") reviewed and denied her benefits claim. The ALJ found Williams was insured through December 31, 2010. Through this date, the ALJ found Williams suffered from three "severe impairments: diffuse osteoarthritis, status post cervical and lumbar surgeries, and disc bulges of the spine." In contrast, the ALJ said Williams's "anxiety/depression and diverticulosis" were "nonsevere" impairments. Based on these impairments, the ALJ determined Williams had the "residual functional capacity" ("RFC") to do "light work as defined in 20 [C.F.R. §] 404.1567(b)" with some exceptions. Because of this RFC finding, the ALJ concluded Williams was capable of doing her "past relevant work," and therefore not disabled between her alleged disability onset date (August 31, 2009) and her date last insured (December 31, 2010).

In determining Williams's RFC, the ALJ reviewed her medical records, which included treatment by Dr. Clark Metzger. Dr. Metzger performed back

---

[1] The parties consented to jurisdiction by a magistrate judge. We refer to the magistrate judge's order as that of the district court.

surgery on Williams.  Due to the surgery, Dr. Metzger recommended that Williams avoid bending, stooping, or lifting more than ten pounds.  However, the ALJ gave "little weight" to Dr. Metzger's opinion when determining Williams's RFC because Dr. Metzger gave this advice to aid Williams in her recuperation from the surgery.  The ALJ thus found Dr. Metzger's opinion was not consistent with later medical records from after Williams recovered from surgery, as well as with her own testimony about her daily activities at that time.

Williams asked the Appeals Council to review the ALJ's decision, as well as some additional medical records.  The Appeals Council denied her request for review, stating it had considered the "additional evidence" she submitted.  It found "this information does not provide a basis for changing the [ALJ's] decision."  It also specifically discussed other medical records that Williams submitted, saying those records were not relevant because they covered periods after her date last insured.

Williams then filed this action in the district court, seeking review of the Commissioner's decision.  The district court affirmed the Commissioner's decision.  This appeal followed.

## II.

We review the Commissioner's decision "to determine whether it is supported by substantial evidence," and review de novo whether it was based on

3

proper legal standards. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

III.

Williams first makes three arguments about the additional evidence she submitted: (1) the Appeals Council erred when it failed to consider the medical records that Williams submitted from before her date last insured; (2) the ALJ failed to properly develop the record by not obtaining the additional evidence that Williams submitted to the Appeals Council; and (3) in light of the additional evidence, the ALJ's decision was not supported by substantial evidence. We address each argument in turn.

A.

To begin, the record does not support Williams's argument that the Appeals Council failed to consider all the additional evidence that she submitted. The Appeals Council is not required "to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014). Williams argues the Appeals Council's statement that some of the additional medical records she submitted were from after her date last insured suggests the Appeals Council did

4

not review the rest of the additional records. But the Appeals Council specifically said it considered all the additional evidence that Williams submitted and found "this information does not provide a basis for changing the [ALJ's] decision." It also listed this evidence and ordered it added to the record. Under this Court's precedent, the Appeals Council may accept the claimant's "new evidence but den[y] review because the additional evidence fail[s] to establish error in the ALJ's decision." Id. This record supports a holding that the Appeals Council here did just that. We therefore conclude the Appeals Council adequately reviewed Williams's additional evidence.

### B.

Second, the record shows the ALJ fulfilled his "duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam). This duty requires the ALJ to get the claimant's medical history for the 12 months before the claimant filed her application. Id.; see 20 C.F.R. § 416.912(b)(1). Williams argues the ALJ failed to get her medical records from Mizell Memorial Hospital for the period before her disability onset date. However, the record shows the ALJ requested documents from Mizell, and received Williams's medical records from June 12, 2008, through November 5, 2010. In addition, at Williams's hearing the ALJ asked her attorney whether the record contained everything that Williams wanted the ALJ to consider. Williams's

5

attorney answered that it did (with the exception of an unrelated record).  The ALJ

therefore fulfilled his duty to develop the medical record.  See Ellison, 355 F.3d at

1276.

## C.

Third, Williams argues the ALJ's decision is not supported by substantial

evidence once the additional records are considered.  But our review of Williams's

additional records shows they are either cumulative to the evidence before the ALJ,

not chronologically relevant, or not material.  See Mitchell, 771 F.3d at 785; Hyde

v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987).  We have therefore concluded the

additional evidence fails to "undermine[] the substantial evidence supporting the

ALJ's decision."  Mitchell, 771 F.3d at 785.

## IV.

Williams next challenges the ALJ's findings in two ways: (1) the ALJ failed

to properly weigh the opinion of Dr. Metzger, Williams's treating physician; and

(2) the ALJ erred in finding Williams could perform her past work.

## A.

Williams first challenges the ALJ's findings by asserting that the ALJ

improperly substituted his opinion for Dr. Metzger's when he gave Dr. Metzger's

opinion "little weight" in determining Williams's RFC.  An ALJ is generally

required to give "substantial or considerable weight" to the opinions of treating

physicians.  Lewis, 125 F.3d at 1440.  However, an ALJ may give less weight to a treating physician's opinion when the record contains "good cause" to do so.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation omitted).  Good cause exists when "the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  Id. (quotation omitted).  When choosing to disregard such an opinion, the ALJ "must clearly articulate the reasons for doing so."  Id. (quotation omitted and alteration adopted).

Here, the ALJ discounted Dr. Metzger's opinion that Williams should avoid bending, stooping, or lifting more than ten pounds because Dr. Metzger gave this opinion in regard to Williams's recovery from back surgery.  The ALJ noted this was "reasonable advice" for recovery from surgery, but was not consistent with Williams's later diagnostic testing or her daily activities.  The ALJ pointed out that Williams's diagnostic tests—two MRIs taken about a year after her August 2009 surgery—revealed only "mild" and "slight" disc bulges and "slight" degenerative activity in her spine.  And Williams listed her daily activities as including cooking, light house cleaning, laundry, and shopping.  These tests and activities support a finding that the limitations advised by Dr. Metzger were meant only for the period immediately after her surgery.  Because substantial "evidence supported a contrary

7

finding" and the ALJ clearly explained his reasoning, the ALJ had "good cause" to discount Dr. Metzger's opinion.  Id. (quotation omitted).

B.

Last in regard to the ALJ's findings, Williams argues the ALJ erred in finding she could perform her past work.  It is the claimant's initial burden to prove that she cannot perform her past work.  Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990).  Yet Williams fails to point to any evidence in the record to support her claim.  Beyond that, the ALJ thoroughly explained and supported his RFC assessment that Williams could perform light work with exceptions.  On this record, a reasonable person would accept the ALJ's decision as adequately supported, see Lewis, 125 F.3d at 1440, and we so hold as to this ALJ's decision. See id.

**AFFIRMED.**