[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12448
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00096-SGC

ROBERT GRANT,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 29, 2018)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Robert Grant appeals the decision that affirmed the denial of his application for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). Grant argues that the Appeals Council failed to consider new evidence from Dr. Stacey Towles-Moore and that the denial of benefits "was not based on substantial evidence because the Appeals Council failed to consider the [new] submissions." Grant also argues that the administrative law judge failed to provide adequate reasons for finding him not credible and that he is entitled to a remand for the administrative law judge to reevaluate the limiting effects of his symptoms under Social Security Ruling 16-3p. We affirm.

The Appeals Council considered evidence that was new, material, and chronologically relevant. The Appeals Council "considered [Grant's] reasons . . . [for] disagree[ing] with the decision and the additional evidence listed on [an] enclosed Order," which included a letter prepared by Dr. Towles-Moore on June 1, 2014, and a physical capacities evaluation that the doctor completed on July 11, 2014. The Appeals Council ruled summarily, as it was entitled to do, "that [the new] information [did] not provide a basis for changing the Administrative law Judge's decision." *See Mitchell v. Comm'r*, 771 F.3d 780, 784 (11th Cir. 2014).

The new evidence that Grant submitted did not render the denial of benefits erroneous. *See id.* Dr. Towles-Moore opined in her July 2014 evaluation that, beginning on March 1, 2010, Grant could sit for two-hour increments and stand

2

and walk for less than 50 minutes in an eight-hour workday, but that opinion was based on the doctor's "past experience" with other patients instead of an examination of Grant. *See* 20 C.F.R. § 416.927(c)(1) (affording more weight to the opinion of a physician who conducted an exam). And Dr. Towles-Moore's evaluation and her June 2014 letter, in which she opined that it was "difficult for [Grant] to walk or stand for any length of time (i.e., more than 5 minutes at a time)," were inconsistent with her May 2014 treatment notes reflecting that Grant had a "[n]ormal range of motion, muscle strength and stability in all extremities with no pain on inspection." *See id.* § 416.927(c)(4) (evaluating the consistency of a medical opinion with the record). Dr. Towles-Moore's opinions also were inconsistent with treatment notes prepared between October 2011 and January 2014 by Dr. Carla Thomas, Grant's treating physician at Quality of Life Health Services, that Grant's physical examination was generally unremarkable and, despite his complaints about pain in his legs, he maintained a normal gait, range of motion, and muscle strength and stability. Grant's new evidence from Dr. Towles-Moore failed to establish any error in the decision of the administrative law judge.

Substantial evidence supports the decision to discredit Grant's testimony about the limiting effects of his impairments. The administrative law judge found that Grant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity,

persistence and limiting effects of [his] symptoms [were] not entirely credible" in the light of his testimony about his life activities and his medical records. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c) 416.929(c). Grant's testimony that he experienced debilitating pain throughout his body, could only sit for 15 minutes and stand for 30 minutes, could not walk one block, had poor balance, and required a cane to walk was inconsistent with medical reports that his physical condition was unremarkable and that he maintained a normal gait, range of motion, and muscle strength and stability "in all extremities"; with his testimony that he cared for his disabled wife; and with his statements in a function report that he shopped, drove, maintained his personal hygiene, and prepared meals. And Grant's testimony that he was easily distracted and was forgetful, depressed, and suffered from drowsiness and dizziness was irreconciliable with Dr. Thomas's findings between May 2010 and March 2014 that Grant was "negative for confusion, . . . and transient weakness"; remained "oriented to time, place, person and situation"; exhibited "normal insight . . . [and] normal judgment"; "demonstrat[ed] the appropriate mood and affect"; experienced no complications with his eyes or ears; had an "intact" memory; and had "[n]o sensory loss." The record supports the administrative law judge's adverse credibility ruling. *See Mitchell*, 771 F.3d at 782.

Grant's argument for a remand predicated on Social Security Ruling 16-3p is foreclosed by our recent decision in *Hargress v. Soc. Sec. Admin., Comm'r*, 874

4

F.3d 1284 (11th Cir. 2017). As Grant acknowledges, Ruling 16-3p became effective on March 28, 2016, almost two years after the denial of his application for benefits. Because we held in *Hargress* that "SSR 16-3p applies only prospectively[, it] . . . does not provide a basis for [Grant to obtain a] remand." *Id.* at 1290.

    We **AFFIRM** the judgment against Grant.