[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12178
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00042-VEH

FELICIA RING,

                                                    Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 23, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Felicia Ring, proceeding with counsel, appeals the district court's affirmance of the Commissioner of the Social Security Administration's ("Commissioner") denial of supplemental security income ("SSI").  On appeal, Ring argues that the Appeals Council erred by not considering new evidence that was dated after the Administrative Law Judge's ("ALJ") decision.  Ring also argues that the ALJ did not comply with Social Security Ruling 16-3p ("SSR 16-3p"), which was enacted after the ALJ's decision.

## I.

When the Appeals Council refuses to consider new evidence submitted to it and denies review, the decision is subject to judicial review.  *Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1320 (11th Cir. 2015).  We review *de novo* whether evidence meets the new, material, and chronologically relevant standard.  *See id.* at 1321.  When the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate.  *Id.*

A claimant is allowed to present new evidence at each stage of the social security administrative process, including before the Appeals Council.  20 C.F.R. § 404.900(b).  The Appeals Council must consider new, material, and chronologically relevant evidence that the claimant submits.  *Washington*, 806 F.3d at 1320; 20 C.F.R. § 404.970(b).  Evidence is chronologically relevant if it "relates to the period on or before the date of the hearing decision."  *See* 20 C.F.R.

2

§ 404.970(a)(5).  The Hearings, Appeals, and Litigation Law Manual for the Social Security Administration ("HALLEX") states that "a worsening of the condition or onset of a new condition after the date of the hearing decision" is an example of evidence that is not related to the period at issue.  HALLEX, I-3-3-6(B)(2).  Additionally, HALLEX provides that "a statement may relate to the period [at issue] . . . when it postdates the decision but makes a direct reference to the time period adjudicated in the hearing decision."  HALLEX, I-3-3-6(B)(2).

We have recognized that medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant.  *See Washington*, 806 F.3d at 1322.  In *Washington*, we determined that such opinions could be chronologically relevant if they were based on experiences that had occurred before the ALJ's decision and on a review of medical records from the period before the ALJ's decision.  *Id*.; *see also Hargress v. Comm'r of Soc. Sec.*, No. 17-11683, 2018 WL 1061567 at *6 (11th Cir. Feb. 27, 2018) (stating that new medical evidence must indicate either that the examining doctor considered the claimant's past medical records or that the information in the new medical records relates to the period at issue).  In *Washington*, we expressed no opinion about whether the new findings would have been material if they contradicted the opinion of the physician who initially treated the claimant.  *Washington*, 806 F.3d at 1322 n.7.  We also noted that there were no assertions or evidence that the

3

claimant's cognitive skills declined in the period following the ALJ's decision. *Id.* at 1322. We "therefore conclude[d] that, in the specific circumstances of this case, [the doctor's] opinions [were] chronologically relevant, even though his evaluation occurred after the date of the ALJ's decision." *Id.* at 1323.

If a claimant submits evidence to the Appeals Council that does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will send an explanation as to why it did not accept the additional evidence and will advise the claimant of her right to file a new application. 20 C.F.R. § 416.1470(c). The Appeals Council is not required to provide a detailed discussion of a claimant's new evidence when denying a request for review. *Hargress*, 2018 WL 1061567 at *6; *see also Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 783 (11th Cir. 2014). It is sufficient for the Appeals Council to state that the submitted records are about a later time and, therefore, do not affect the decision about whether a claimant was disabled at the time of the ALJ hearing. *Hargress*, 2018 WL 1061567 at *6.

When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007). If the evidence is new, there is good cause for the claimant's failure to

4

submit it at the administrative level, and it would change the administrative result, remand is necessary. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

The Appeals Court did not err by not reviewing the medical opinion submitted by Ring, which was an evaluation done by Dr. Jay Ripka, M.D. First, contrary to Ring's argument, the Appeals Council did not refuse to look at the records solely because the records were dated after the ALJ's decision. The Appeals Council stated that it had looked at Dr. Ripka's evaluation and had determined that it was "about a later time," indicating that it had looked at more than just the dates on the records. The Appeals Council was not required to provide a detailed discussion of Ring's new evidence when denying her request for review. *See Hargress*, 2018 WL 1061567 at *6; *Mitchell*, 771 F.3d at 783.

Furthermore, while medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant, Dr. Ripka's evaluation is not. First, Dr. Ripka's evaluation did not discuss his findings in relation to Ring's earlier medical records and treatment, and his evaluation does not appear to be based that material. *See Washington*, 806 F.3d at 1322; *Hargress*, 2018 WL 1061567 at *6; 20 C.F.R. § 404.970(a)(5). In addition, Dr. Ripka's evaluation appears to relate to the worsening of a condition or the onset of a new condition

after the date of the ALJ's decision.  *See* HALLEX, I-3-3-6(B)(2); *Washington*, 806 F.3d at 1322.  Accordingly, we affirm as to this issue.[1]

## II.

Effective March 28, 2016, SSR 16-3p rescinded a previous SSR that concerned the credibility of a claimant.  It removed the use of the term "credibility" from its sub-regulatory policy because its regulations did not use this term.  Social Security Ruling 16-3p; Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Mar. 16, 2016); 81 Fed. Reg. 14166-01.  It clarified that "subjective symptom evaluation is not an examination of an individual's character," and provided a two-step evaluation process for such an inquiry.  *Id.*

We recently held that SSR 16-3p applies only prospectively.  *Hargress*, 2018 WL 1061567 at *5.  In reaching our decision, we noted that the claimant had not identified any binding authority requiring retroactivity and that SSR 16-3p contained no language suggesting retroactive application.  *Id.* at 12-13.  Ring's argument is therefore foreclosed, and we affirm as to this issue.

**AFFIRMED.**

---

[1] Ring also argues that the ALJ's denial of her SSI claim was not based on substantial evidence when the new evidence submitted to the Appeals Council is considered.  However, because the Appeals Council correctly declined to consider the new evidence for the reasons stated above, we need not reach this issue.  *See Hargress*, 2018 WL 1061567 at *6.