[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12862
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00913-AKK

JAMES LOWERY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 5, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

James Lowery appeals the order affirming the denial of his claim for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). Lowery challenges the administrative law judge's decision to discount the opinion of his treating physician, and he requests a remand to assess the intensity and persistence of his symptoms under Social Security Ruling 16-3p. Lowery also challenges the administrative law judge's decision to discredit his testimony and the refusal of the Appeals Council to consider medical records prepared after his administrative hearing. We affirm.

Substantial evidence supports the administrative law judge's decision to discount the opinion of Lowery's treating physician, Dr. Saundra Dalton-Smith, that Lowery was disabled due to his diabetic neuropathy. The administrative law judge was entitled to disregard Dr. Dalton-Smith's statement in her August 2013 letter that Lowery was "[un]able to maintain gainful employment" because that constituted an impermissible opinion on the ultimate "issue[] reserved to the Commissioner" involving "the determination or decision of disability," 20 C.F.R. §§ 404.1527(d), 416.927(d). The letter, written four months after Lowery's initial visit to Dr. Dalton-Smith, consisted primarily of Lowery's reports of "severe difficulty" with leg pain, of being able to stand only 30 minutes, and of experiencing foot pain and swelling within 30 minutes of sitting. The symptoms Dr. Dalton-Smith described in the letter conflicted with her treatment notes in

April and August of 2013 that Lowery was in no acute distress and conflicted with Lowery's and his wife's accounts in function reports that he daily went outside and visited his mother, cared for indoor pets, cleaned the house and did laundry, cooked, used a riding lawnmower, shopped two or three times a week, and paid bills and handled money. And Lowery's activities were at odds with Dr. Dalton-Smith's physical assessment evaluation that limited Lowery to sitting, walking, and standing for one-hour increments and to sitting for three hours, standing for two hours, and walking for one hour during an eight-hour workday; prohibited him from moving machinery and driving automotive equipment; opined that Lowery's pain was so chronic, continuous, and severe that he would miss three or more days of work; regulated his exposure to changes in temperature, humidity, dust, fumes, and gasses; and restricted the frequency with which he could push and pull, bend, squat, and reach. Dr. Dalton-Smith's assessment also was inconsistent with her letter, which more severely restricted Lowery's standing and sitting, and with her treatment notes and those prepared by Lowery's endocrinologist, Dr. Monica Cardenas, that Lowery retained a normal gait and that his diabetes and other ailments had been controlled by and improved with medication. The administrative law judge had good cause to discount Dr. Dalton-Smith's opinion that Lowery's impairment was disabling.

3

Lowery's argument for a remand based on Social Security Ruling 16-3p is foreclosed by *Hargress v. Social Security Administration, Commissioner*, 883 F.3d 1302 (11th Cir. 2018). Lowery acknowledges that the panel in *Hargress* held that "SSR 16-3p applies only prospectively." *Id.* at 1308. "Under the well-established prior panel precedent rule of this Circuit, the holding of [*Hargress*] . . . is the law of this Circuit, thereby binding all subsequent panels unless and until . . . [it] is overruled by the Court sitting en banc or by the Supreme Court." *Peterson v. Comm'r of IRS*, 827 F.3d 968, 987 n.30 (11th Cir. 2016) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001)).

The administrative law judge also was entitled to discredit Lowery's testimony about the severity and limiting effects of his symptoms. Consistent with the test used to assess credibility, the administrative law judge found that "[t]he limitations to which [Lowery] testified are far in excess of those which reasonably would be expected from the objective clinical findings and are not consistent with all of the other evidence of record." *See Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The administrative law judge recorded that Lowery said he was experiencing maximum pain during the hearing, yet he "showed no evidence of pain or discomfort while testifying." Lowery also testified he was unable to concentrate, but the administrative law judge determined that he "did not exhibit any difficulty with focusing and concentrating" during his testimony. And the

administrative law judge found it suspicious that Lowery's "description of symptoms . . . [was] quite vague and general" despite his years of treatment; that his "responses while testifying were evasive"; and that he had "made inconsistent statements regarding matters relevant to the issue of disability." Lowery's testimony that his medicines caused severe dizziness and drowsiness and that his pain was so severe that he had to sit after performing a few simple tasks conflicted with the statements in his and his wife's function reports that he performed several tasks throughout the day which he had no difficulty completing. And Lowery's testimony that he had been fired from his last job because he was unable to complete physical tasks was inconsistent with his statement to Dr. Dalton-Smith that he was dismissed due to his inability to sit and stand for prolonged periods and with company records attributing his dismissal to customer complaints. The record supports the administrative law judge's adverse credibility ruling.

The Appeals Council also committed no error when it later considered evidence that Lowery contended was new, material, and chronologically relevant. The Appeals Council considered the "evidence currently of record" and "additional evidence listed on [an] enclosed Order," which included two briefs from Kermit M. Downs, "Medical Records from Anniston Medical Clinic dated July 3, 2014 through December 15, 2014," and a "Narrative from Saundra Dalton-Smith, M.D. dated February 18, 2015." The Appeals Council ruled summarily "that [the new]

5

information [did] not provide a basis for changing the Administrative law Judge's decision." *See Mitchell v. Comm'r*, 771 F.3d 780, 784 (11th Cir. 2014). The new records contained substantially the same information that the administrative law judge reviewed. The other evidence that Lowery submitted was not chronically relevant. *See* 20 C.F.R. §§ 404.970(c), 416.1470(c); *Washington v. Comm'r, Soc. Sec. Admin.*, 806 F.3d 1317, 1322–23 (11th Cir. 2015). The Appeals Counsel "looked at medical records from Anniston Medical Clinic dated January 28, 2015 through February 13, 2015 (27 Pages), April 17, 2015 (7 Pages), June 10, 2015 (6 Pages), and July 22, 2015 (8 Pages)" and determined that the "new information [was] about a later time" and did "not affect the decision about whether [Lowery] [was] disabled beginning on or before November 10, 2014."

We **AFFIRM** the judgment against Lowery.