[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12160
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-01073-TBS

YAMIRA ANNE DOUGLAS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 22, 2019)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Yamira Anne Munar Douglas appeals from the affirmance of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her a period of disability and disability insurance and supplemental security income. She argues that the Appeals Council improperly denied her request for review of the administrative law judge's ("ALJ") decision when she submitted new and material evidence and there was a reasonable probability that the new evidence would change the ALJ's decision.

In Social Security appeals, we "review the Commissioner's decision with deference to the factual findings and close scrutiny of the legal conclusions." *Ingram v. Comm'r, Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quotation marks and alterations omitted). The decision of the Appeals Council is a part of the Commissioner's "final decision" for the purposes of judicial review. *Id.* at 1264. We consider whether the Commissioner's factual findings are supported by substantial evidence and review the Commissioner's legal conclusions *de novo*. *Id.* at 1260. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r, Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram*, 496 F.3d at 1261. "The Appeals Council must

2

consider new, material, and chronologically relevant evidence and must review the case if the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* (quotation marks omitted). When denying a request for review, the Appeals Council is not required to provide a detailed discussion of the new evidence or an explanation as to why the claimant's new evidence would not change the ALJ's decision. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. "It is well-established that the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Crawford*, 363 F.3d at 1159 (quotation marks omitted) (noting that the treating physician's opinion was inconsistent with his own treatment notes and unsupported by the medical evidence).

Here, the Appeals Council properly considered the additional evidence submitted by Douglas but found that the additional evidence did not provide a basis for changing the ALJ's decision. *Ingram*, 496 F.3d at 1260. The Appeals Council was not required to provide any further explanation. *Mitchell*, 771 F.3d at 784-85. A review of the record indicates that the Commissioner's factual findings were supported by substantial evidence, and the additional evidence submitted to

the Appeals Council was inconsistent with previous evidence in the record, such that the additional evidence did not render the denial of benefits erroneous.  *See Ingram*, 496 F.3d at 1260, 1262, 1264; *Crawford*, 363 F.3d at 1159.  Accordingly, we affirm.

**AFFIRMED.**