[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13757
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-01149-LSC

RANDY WHITMORE,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 17, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal requires us to decide whether the Social Security Administration

Commissioner's determination that Randy Whitmore was not disabled was

supported by substantial evidence. Whitmore argues that the administrative law judge did not correctly apply this Circuit's subjective pain standard when evaluating his testimony regarding his pain. After careful review, we disagree and affirm.

## I.

After Whitmore fell off a roof and shattered both of his heels, he applied to the Commissioner for a period of disability and disability insurance benefits. Whitmore alleged that his bad knees, bad back, birth defect in his back, and bad feet caused him pain and limited his ability to work. Whitmore has a ninth-grade education and had worked as a roofer for more than fifteen years before his accident. As a result of his accident, he underwent surgery on his heels.

At the time of Whitmore's hearing, he testified that he had been visiting a doctor every month for pain medication. He was not suffering any side effects but still experienced pain in his shins, feet, and back. He could only be on his feet for an hour or two and could only sit for twenty to thirty minutes. He could walk for "maybe" thirty minutes and could stand in place for "maybe" thirty or forty-five minutes before the pain became unbearable. He could lift no more than a gallon of milk. He rated his pain as a seven on a ten-point scale, even with the benefit of medication. He said that his medication made the pain "bearable," but without it he could not get up. He also treated his pain by lying down fifty to sixty percent of the day and by soaking in hot water. He was able do light housework, but his daughter

got the groceries and did the major housework and laundry. He was also able to drive about twice a week and successfully drove himself forty-five minutes to his hearing. He stated that he could climb only three or four steps at a time and could kneel to pick something up but not squat or stoop.

After the hearing, the administrative law judge issued a decision in which he followed each step of the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a). He determined that Whitmore had the residual capacity to perform light work with no climbing, no bilateral foot controls, no driving, occasional stopping and crouching, and a temperature-controlled environment. To reach this determination, the administrative law judge cited this Circuit's standard for assessing subjective complaints of pain and found "that the claimant's medically determinable impairments could be expected to cause some pain and limitations, however the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."

Whitmore timely appealed to the district court, which affirmed the Commissioner. Then he timely appealed to us.

**II.**

We apply the same standard of review that the district court applied. We review the Commissioner's decision to determine whether it is supported by substantial evidence. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018). Our substantial evidence review is "deferential" and does not have a "high" "threshold." *Biestek*, 139 S.Ct. at 1154, 1157. "Substantial evidence is more than a mere scintilla and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (cleaned up). We do not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner," even if we would have reached a contrary result or if a preponderance of the evidence weighs against the Commissioner's decision. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

**III.**

Social Security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). Under this process, the Commissioner evaluates: (1) whether the claimant engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals a listed impairment; (4) if not, whether the claimant has the residual functional capacity to perform past relevant work; and (5) if not, whether in light of the claimant's residual functional

4

capacity, age, education, and work experience, there are other jobs the claimant can perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1237–40 (11th Cir. 2004). If the Commissioner determines that the claimant is not disabled at any step of this process, the inquiry ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

We have held that "pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). Accordingly, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Id.* A claimant attempting to establish disability through his own testimony of subjective symptoms must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* 20 C.F.R. § 404.1529 (containing substantially similar language).

"If the [administrative law judge] discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225. "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Id.* "[W]e will not disturb a clearly articulated" finding about subjective complaints "supported by substantial

5

evidence." *Mitchell v. Comm'r., Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Whitmore argues that the Commissioner erred in applying these standards in two ways. First, he argues that the Commissioner failed to consider whether an objectively determined medical condition could reasonably be expected to give rise to his claimed pain. Second, he argues that the Commissioner improperly considered evidence of Whitmore's daily activities to discredit his subjective assessment of pain. Neither argument is persuasive.

First, the administrative law judge properly applied the subjective pain standard. He expressly cited both the Social Security Administration's regulation and this Circuit's standard for evaluating subjective pain. Whitmore does not dispute that the administrative law judge correctly applied the first disjunctive element— objective medical evidence confirming the severity of pain. As for the second disjunctive element, the administrative law judge found that, although the objective evidence showed that Whitmore's impairments could reasonably be expected to cause some pain, the intensity of the pain Whitmore testified to experiencing was inconsistent with the medical evidence. In other words, the administrative law judge found that Whitmore's condition could reasonably be expected to give rise to some pain, but it did not "give rise to the *claimed* pain."

6

The administrative law judge gave detailed reasons, supported by the record, for why he was discounting Whitmore's subjective pain complaints:

> The treatment records do not provide objective support for his allegations of disabling heel, knee, or back pain. After fracturing his heels and undergoing surgical fixation in May 2016, the claimant reported good pain control and graduated to wearing normal shoes within four months. He started complaining of right heel pain in December of that year and underwent subtalar fusion with hardware removal three months later. Dr. Madanagopal observed that the claimant was doing reasonably well at a follow-up visit two weeks afterwards, and the claimant endorsed doing very well on pain medication at subsequent encounters with Dr. Johnston. Despite his allegations of disabling back pain, the claimant reports average pain levels that range from three to six on a ten-point scale most days, and he acknowledges that he remains able to function, perform daily activities without problems, and care for his animals. His hearing testimony was generally consistent with these reported pain levels, as he described his pain as "bearable" on Norco without medication side effects. There is no indication that the claimant has reported any knee pain during the relevant period. It is noteworthy that the claimant reported in February 2018 that he was able to perform housework daily, which undermines his complaints of sharply limited physical abilities. The next month, he stated that he was able to work part time, but the overall evidence of record establishes that he is less limited than he has alleged and is indeed capable of returning to full-time employment.

This evidence is sufficient to support the Commissioner's decision.

Second, the administrative law judge did not err in considering Whitmore's daily activities. Although a claimant's admission that he participates in daily activities for short durations does not necessarily disqualify the claimant from disability, *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), it is nonetheless proper for an administrative law judge to consider a claimant's daily activities when

7

they are related to the claimant's subjective pain. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1264 (11th Cir. 2019) (holding that *solitary* activities like "watching television, walking the dog, and cooking" were not sufficient to discount treating physicians' opinions regarding patient's significant suffering from mental impairments when *interacting with others*); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (specifically listing claimant's daily activities as factor to consider in evaluating claimant's symptoms).  Here, the daily activities that the administrative law judge considered—light housework, some driving, meal prep, personal care— were directly related to the type of pain Whitmore described. That Whitmore could perform these activities supports the Commissioner's determination that Whitmore's heel, knee, and back pain were not disabling.

## IV.

For these reasons, the Commissioner's denial of Whitmore's application for a period of disability and disability insurance benefits is AFFIRMED.

8