[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11944

Non-Argument Calendar

_____

KAREN COLES,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cv-00199-AW-CAS

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Karen Coles appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration to deny her disability insurance benefits (DIB). Coles asserts the administrative law judge (ALJ) did not properly weigh and consider the impact of her fibromyalgia diagnosis in assessing her residual functional capacity (RFC) as required by Social Security Ruling (SSR) 12-2p, did not sufficiently consider the opinion of her treating physician regarding her ability to work, and improperly assigned weight to a flawed examination administered by a consultative disability examiner. After review,[1] we affirm.

Individuals claiming disability benefits must prove they are disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations establish a five-step sequential evaluation process the ALJ must follow to determine whether the claimant is disabled. *Id.* As relevant here, at step four, the ALJ must

---

[1] "Where an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision." *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (quotation marks and brackets omitted). Our review of the Commissioner's decision "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). We review *de novo* whether the Commissioner's decision applied the proper legal standards. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

ascertain the claimant's RFC, which is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019); 20 C.F.R. § 404.1545(a)(1). The RFC is determined by the ALJ's consideration of the claimant's physical, mental, and other abilities affected by her impairments. *Schink*, 935 F.3d at 1268; *see* 20 C.F.R. § 404.1545(b)-(d). In formulating the RFC, the ALJ must account for all relevant medical evidence and other evidence. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320-21 (11th Cir. 2021); 20 C.F.R. § 404.1545(a)(1). The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor." *Buckwalter¸* 5 F.4th at 1320-21 (quotation marks omitted).

For claims filed on or after March 27, 2017, the ALJ must not defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a). Instead, the ALJ must determine the persuasiveness of a medical opinion and/or prior administrative medical finding by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *Id.* § 404.1520c(c)(1)-(5). Supportability and consistency are the "most important" factors. *Id.* § 404.1520c(b)(2). The ALJ is required to articulate how he considered the supportability and consistency factors, but not the remaining factors. *Id.* As to supportability, the more relevant the objective medical evidence and explanations are to the medical opinion, the more persuasive the opinion is. *Id.* § 404.1520c(c)(1). As to consistency, the more consistent a medical

opinion is with evidence from other sources, the more persuasive the opinion is. *Id.* § 404.1520c(c)(2).

SSR 12-2p provides guidance on the establishment of fibromyalgia as a medically determinable impairment (MDI) and articulates how an ALJ should evaluate fibromyalgia in claims for DIB. 77 Fed. Reg. 43,640-01, 43,643 (July 25, 2012) (providing once fibromyalgia has been established as an MDI, the ALJ should "evaluate the intensity and persistence of the [claimant's] pain or any other symptoms and determine the extent to which the symptoms limit the [claimant's] capacity for work"). SSR 12-2p states the ALJ may find a claimant has an MDI of fibromyalgia if all of the following are present: (1) a history of widespread pain in all quadrants of the claimant's body; (2) on physical examination, at least 11 positive tender points on both the left and right sides of the claimant's body and which exist both above and below the claimant's waist; and (3) other disorders that could cause the symptoms or signs experienced by the claimant having been ruled out by examinations and laboratory testing. *Id.* at 43,641-42. In ascertaining the claimant's RFC, SSR 12-2p states the ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that [the claimant] may have 'bad days and good days.'" *Id.*

The district court did not err in affirming the ALJ's decision that Coles was not disabled and was therefore not entitled to DIB. Substantial evidence supports the ALJ's determination that Coles had sufficient RFC to perform a reduced range of sedentary full-

23-11944                Opinion of the Court                5

time work.  *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (stating substantial evidence means "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion" (quotation marks omitted)).  In evaluating Coles' fibromyalgia, the ALJ stated he had considered SSR 12-2p and found "[Coles'] fibromyalgia satisfies the criteria necessary to establish the condition as a medically determinable impairment."  The ALJ also stated "consideration will be given to any functional limitations resulting from the fibromyalgia in the [RFC] assessment in addition to any limitations resulting from any other physical or mental impairment identified."  Thus, Coles' contention the ALJ did not sufficiently consider either SSR 12-2p or the nature and severity of her fibromyalgia diagnosis is clearly contradicted by the factual record.  The ALJ then considered Coles' RFC, and specifically considered whether medical records and opinions regarding fibromyalgia supported functional limitations.

First, the ALJ articulated how persuasive he found the medical opinions and prior administrative medical findings on the record, and substantial evidence supports the ALJ's finding the opinion of Dr. Harris was unpersuasive.  *See Buckwalter*, 5 F.4th at 1320-21.  Dr. Harris opined that there were extreme limitations on Coles' ability to perform work-related physical activities, that Coles was only capable of working between four and six hours per day, and that Coles would miss work two to three times per month due to her impairments.  However, Dr. Harris' opinion is inconsistent with Coles' extensive medical records starting in October 2014, all

of which revealed no serious physical abnormalities in her musculoskeletal system, nervous system, or cervical and thoracic spine. Dr. Harris' opinion is also inconsistent with the conservative nature of her treatment recommendations for Coles, which included massage therapy, physical exercise, and cervical trigger point injections rather than opioid-based pain medications or surgical interventions. Accordingly, the ALJ was empowered to accord minimal weight to Dr. Harris' medical opinion regarding Coles' ability to perform work-related tasks and general level of disability.

Second, the ALJ noted Dr. Adhami's consultative examination findings that Coles presented with normal gait and no evidence of limited joint movement, inflammation, or swelling—findings which did not support a more limited RFC. To the extent Coles argues the ALJ improperly considered Dr. Adhami's findings under the regulations governing consideration of medical opinions, Coles has waived that argument by failing to object to the magistrate judge's finding that Dr. Adhami's findings and diagnoses did not meet the definition of a medical opinion. *See* 11th Cir. R. 3-1 (providing a party "failing to object to a magistrate judge's findings or recommendations" in a R&R "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object"). In any event, Coles' argument the ALJ improperly weighed Dr. Adhami's consultative exam because he did not ask her questions relating to her subjective pain level or conduct tests of her trigger points is an argument for this Court to reweigh the evidence, which

we cannot do.  *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (stating under the deferential substantial evidence standard, we do not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner" (quotation marks omitted)).

Third, the ALJ acknowledged Coles' alleged physical impairments—which included fibromyalgia, antalgic gait, diminished muscle strength, and residual fatigue—eroded her functional abilities.  *See Buckwalter*, 5 F.4th at 1320-21; *Schink*, 935 F.3d at 1268. While explaining the RFC finding, the ALJ recognized that Coles reported suffering from severe impairments and concluded she could only "perform physical requirements of work at the sedentary exertional level, with the acknowledged limitations." Substantial evidence—in the form of Coles' stable condition throughout her medical history and the examination reports of Dr. Craig, Dr. Zaremski, and Dr. Adhami—supports the ALJ's conclusion that while Coles suffered from significant impairments, she had sufficient RFC to work as a document preparer, a printed circuit board screener, or a table worker.

Thus, there was sufficient relevant evidence in the record viewed as a whole, to support the ALJ's conclusion that Coles was not under a disability preventing her from performing any work and had sufficient RFC to perform other work that exists in the national economy.  *See Goode*, 966 F.3d at 1280; *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (explaining to determine whether the decision was supported by substantial evidence, we must "view the

record as a whole, taking into account evidence favorable as well as unfavorable to the decision"); 20 C.F.R. § 416.920(a)(4)(v) (providing, at step five of the sequential evaluation process, that if the claimant's impairments—considering RFC, age, education, and past work—do not prevent the claimant from adjusting to other work in the national economy, then the claimant is not disabled). The ALJ's finding that Coles was not entitled to DIB was supported by substantial evidence.

**AFFIRMED.**