[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11678
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00573-TJC-MRM


JENNIFER L. HOLLINGSWORTH,

                                                        Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

February 5, 2021)


Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Jennifer Hollingsworth appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration (Commissioner) to deny her application for disability insurance benefits. Hollingsworth asserts three issues on appeal, which we address in turn.[1]

## I. DISCUSSION

### A. *Due Process*

Hollingsworth contends the administrative law judge (ALJ) violated her due process rights by issuing a decision that encompasses a period during which she was prohibited from producing evidence. Hollingsworth asserts the ALJ's decision has prejudiced her because it prevented her from presenting evidence related to the period between February 23, 2017 and March 31, 2017.

Hollingsworth has failed to establish her due process rights were violated. Nothing in the record indicates Hollingsworth submitted any additional evidence to the ALJ that was not considered, and she does not argue that she attempted to submit evidence from the relevant time period that the ALJ declined to consider. Thus, she cannot establish she suffered any prejudice amounting to a due process

---

[1] We must determine whether the Commissioner's decision is supported by substantial evidence and based on the proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's factual findings are conclusive if supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). *Id.*

2

violation.  *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (explaining there must be a showing of prejudice before a determination that a claimant's right to due process was violated to such a degree that the case must be remanded).

B.  *Severity of Symptoms*

Hollingsworth argues the ALJ erred in the consideration of symptoms when assessing her residual functional capacity (RFC)[2] based on the evaluation of her subjective complaints.  She contends the ALJ's determination she stopped working because she had a child is not supported by the evidence because she returned to her normal job after she had her son and stopped working after her accident.  She asserts the daily activities described in the record, including her medical records, do not indicate she could work on a regular and continuing basis.  She specifically notes her doctor "limited her daily activity to only do light housework though her pain was still there."  Hollingsworth contends the ALJ improperly considered she drove 42 minutes to her hearing, and the ALJ's reasoning that she "worked through her pain for a time" is insufficient because she did that work before the alleged date of disability.  She also asserts the medical evidence cited by the ALJ fails to

---

[2] The social security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4).  At the fourth step, the ALJ must evaluate whether the claimant has the RFC to perform past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R § 404.1520(a)(4).

provide substantial evidence to support denying her claim, including the ALJ repeatedly noting she did not seek treatment because she could not afford to do so.

An individual seeking disability benefits has the burden to prove she is disabled and unable to perform her past relevant work. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant may establish she has a disability through her "own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, we apply a three-part "pain standard," which requires: evidence of an underlying medical condition and either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (B) the objectively determined medical condition is so severe it can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* 20 C.F.R. § 404.1529 (setting out standards for evaluating pain and other symptoms). "The standard also applies to complaints of subjective conditions other than pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Id.*

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."

4

*Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony.  *Id.* When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) dosage and effects of medications; and (5) treatment or measures received by the claimant for relief of symptoms.  *See* 20 C.F.R. § 404.1529(c)(3).  The fact a claimant can perform daily activities that are inconsistent with her subjective symptom complaints does not constitute substantial evidence where there is other evidence indicating her daily activities have been significantly affected by her condition.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  While not dispositive, a claimant's activities may show her pain or other symptoms are not as limiting as alleged.  20 C.F.R. § 404.1529(c)(3)(i).

Substantial evidence supports the ALJ's finding that Hollingsworth's subjective symptom complaints were not credible, as the objective medical evidence did not confirm the severity of her symptoms.  *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014) (stating credibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence).  The ALJ articulated clear reasons for discrediting Hollingsworth's subjective complaints about the extent of her

limitations and those reasons are supported by substantial evidence. *See id.* Hollingsworth sought treatment for pain management through Charlotte County Medical Solutions throughout 2015 and notes reflect she benefitted from opioid pain-relieving therapy as her pain levels dropped when she took her medications. Hollingsworth had a normal sensory exam, her x-ray studies showed the surgery she had was a success, and she benefitted from the physical therapy she attended. In addition, Hollingsworth stated she cares for her eight-year-old son, gets him ready for school, makes him breakfast, helps take him to school, and does light cleaning.

Hollingsworth's argument the ALJ misstated the fact she initially stopped working due to the birth of her son lacks merit as she told Dr. Visser that she stopped working for that reason. Thus, the ALJ noted Hollingsworth may have stopped working for reasons other than because of her alleged disabling impairments, but did not rely solely on her familial responsibilities in determining her RFC. Moreover, Hollingsworth's claim that her doctor limited her daily activities to light housework is inaccurate as the medical records show that Hollingsworth stated she limited herself to light housework. The record provides substantial evidence to support the ALJ's evaluation that the intensity of Hollingsworth's symptoms was not consistent with the medical evidence.

6

*C. Medical Opinions*

Finally, Hollingsworth contends the ALJ erred in how he considered the medical opinions regarding her mental impairments when assessing her RFC. Specifically, she asserts the ALJ gave great weight to the opinion of Dr. Kenneth Visser, who found Hollingsworth's concentration was low, she had short term memory issues, limited social effectiveness, and was limited in her ability to adapt, but the ALJ found she had only moderate limitations in concentration, persistence, and pace, and no limitations in her ability to adapt. Hollingsworth contends the ALJ erred because his decision was not consistent with Dr. Visser's and Dr. Manuel Gallego's opinions.

When evaluating a doctor's opinion, an ALJ may consider numerous factors such as whether the doctor examined the claimant, whether the doctor treated the claimant, whether the doctor uses evidence to support his or her opinion, and whether the doctor's opinion is consistent with the record as a whole. 20 C.F.R. § 404.1527(c). A claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter is considered, it is not dispositive. *Id*. § 404.1527(d)(2). "Absent 'good cause' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence

supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.*

Mental impairments are evaluated based on four functional areas including: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). An ALJ must state with particularity the weight attributed to medical opinions, but there is no requirement the ALJ refer to every piece of evidence so long as the decision allows the reviewing court to conclude the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1211.

Substantial evidence supports the ALJ's decision to give little weight to Dr. Gallego's opinion. The ALJ gave little weight to Dr. Gallego's assessment because he determined the opinion was not well supported by the medical evidence and it was inconsistent with the record medical evidence. *Winschel*, 631 F.3d at 1179. Dr. Gallego failed to cite any objective medical findings to support his opinion or provide an explanation for his opinion. In addition, Dr. Gallego's opinions were inconsistent with the record as a whole as Hollingsworth's treatment notes from Allied Center for Therapy indicate she had an improved mood and good levels of energy after receiving medication. Furthermore, any opinion that Dr. Gallego made regarding Hollingsworth's ability to work based on her physical

8

limitations and panic attacks is not owed any deference as that is a matter specifically reserved for the ALJ.  20 C.F.R. § 404.1527(d)(2).

The ALJ's mental assessment of Hollingsworth was consistent with Dr. Visser's opinion.  The ALJ acknowledged Dr. Visser's opinion regarding Hollingsworth's limitations and cited those findings when he found Hollingsworth was capable of understanding, remembering, and following directions.  The ALJ discussed Dr. Visser's finding that Hollingsworth was marginally social and had limited social effectiveness.  Moreover, the ALJ accounted for the limitations Dr. Visser included by limiting Hollingsworth to "occasional interaction" with others, precluding her from production quotas, and limiting her to simple, routine, and repetitive tasks.  Thus, the ALJ did not mention each of Dr. Visser's findings, but his opinions were discussed and the ALJ's RFC determination is supported by substantial evidence, including the evidence submitted by Dr. Visser.  *Moore*, 405 F.3d at 1211; *Dyer*, 395 F.3d at 1211.

## II.  CONCLUSION

The ALJ did not violate Hollingsworth's due process rights.  Substantial evidence supports the ALJ's evaluation of Hollingsworth's subjective complaints and of the opinion evidence regarding Hollingsworth's mental impairments.  Therefore, we affirm the district court's order affirming the decision of the

Commissioner to deny Hollingsworth's application for disability insurance benefits.

**AFFIRMED.**

.