[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11721
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-25307-MGC

AARON ALVAREZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 1, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Aaron Alvarez appeals the district court's order affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for disability insurance benefits ("DIB") under 42 U.S.C. §§ 405(g) and 1383(c)(3).  Alvarez makes three arguments on appeal.  First, he argues the administrative law judge ("ALJ") erred by improperly evaluating the physician opinion evidence.  Second, Alvarez argues the ALJ's findings regarding his residual functional capacity ("RFC") were not supported by substantial evidence.  Third, he asserts that the ALJ's evaluation of his subjective symptom complaints was not supported by substantial evidence.  After careful consideration, we affirm.

## I.

We review de novo whether the correct legal standards were applied, and we review a social security disability case to determine whether the Commissioner's decision is supported by substantial evidence.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  If, in light of the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it.  Id. at 1439.

Additionally, the ALJ is not required to specifically discuss each piece of evidence so long as the decision shows that he considered the claimant's condition

2

as a whole.  Mitchell v. Comm'r of Soc. Sec., 771 F.3d 780, 782 (11th Cir. 2014).

We will not decide the facts anew, make credibility determinations, or re-weigh the

evidence.  Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir.

2020).  The person seeking social security disability benefits bears the burden of

proving he is disabled.  Moore, 405 F.3d at 1211.

## II.

## A.

Alvarez argues the ALJ improperly evaluated the physician opinion

evidence.  Specifically, he argues the ALJ committed reversible error when it

failed to articulate the weight given to the opinions of Drs. Berman, Xavier,

Monterrey, Canosa, Espinosa, Cooper, Chin, Fajulo, and Roush.  This argument

fails.

An ALJ must evaluate every medical opinion received and assign weight to

each opinion.  Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam).

When Alvarez's administrative proceeding occurred, the governing regulation

defined "medical opinions" as "statements from acceptable medical sources that

reflect judgments about the nature and severity of [the claimant's] impairment(s),

including [his] symptoms, diagnosis and prognosis, what [he] can still do despite

impairment(s), and [his] physical or mental restrictions."  20 C.F.R.

§ 404.1527(a)(1) (applicable to claims filed before March 27, 2017).

3

In order to show that the ALJ erred, Alvarez must establish that the medical records he says were overlooked contained medical opinions. See Sharfarz, 825 F.2d at 279–80 (an ALJ is obligated to assign a weight only to a statement that constitutes a medical opinion). In Winschel v. Commissioner of Social Security, 631 F.3d 1176 (11th Cir. 2011), this Court concluded that the treating physician's treatment notes constituted medical opinions because the notes contained "a description of [the claimant's] symptoms, a diagnosis, and a judgment about the severity of his impairments." Id. at 1179.

Here, however, Alvarez provides no citation to the record explaining what medical opinions by Drs. Xavier, Monterrey, Cooper, Chin, and Roush were overlooked or how they contradicted the ALJ's findings. Instead, Alvarez's recitation of his examination history with these doctors indicates that they failed to address Alvarez's ability to work. Similarly, for Dr. Fajulo and Dr. Berman, Alvarez does not point to any portion of the record that shows either doctor opining on Alvarez's functional limitations or how his conditions affected his ability to work. On this record, we conclude the ALJ did not err in failing to articulate the specific weight given to these records.

Alvarez's reliance on the opinions of Dr. Canosa and Dr. Espinosa fares no better because he fails to show that they relate to the time period relevant for showing disability. Alvarez had to prove he became disabled prior to December

31, 2015, which was the date his insured status expired. See Moore, 405 F.3d at 1211. But Alvarez first visited Dr. Canosa and Dr. Espinosa in June 2017, 18 months after that date. Because these examinations fall outside of the relevant period, the ALJ did not err in failing to assign weight to their opinions.

Last, Alvarez's arguments that the ALJ afforded improper weight to the state agency medical consultant are unavailing. State agency medical consultants are considered experts in social security disability evaluations, see 20 C.F.R. §§ 404.1527(e), 404.1513(a)(5), and Alvarez has not pointed to any record evidence that contradicts the consultant's opinion. Therefore, we affirm as to this issue.

## B.

Next, we address Alvarez's argument that the ALJ's findings regarding his RFC were not supported by substantial evidence.[1] Here, the ALJ thoroughly

---

[1] The ALJ's evaluation followed the five-step process outlined in social security regulations for determining whether a claimant is disabled: (1) whether he is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals the listings in the regulations; (4) if not, whether he can perform his past relevant work in light of his RFC; and (5) if not, whether, based on his age, education, and work experience, he can perform other work found in the national economy. Winschel, 631 F.3d at 1178; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends. 20 C.F.R. § 404.1520(a)(4).

At step four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments." Id.; see also 20 C.F.R. § 404.1545(a). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, pull, walk, etc., as well as the claimant's mental abilities. 20 C.F.R. § 404.1545(b), (c). The claimant's RFC is

discussed the record evidence, including specifically discussing the treatment records from P.A. Palmer, and Drs. Berman, Chin, Fajulo, Cooper, Monterrey, Grossman, and Roush. Moreover, the ALJ properly discounted the opinion of P.A. Palmer, a treating source, as inconsistent with Alvarez's treatment records as a whole. See Lewis, 125 F.3d at 1439. The medical records supported the ALJ's findings, including that Alvarez responded well to conservative treatment and could perform at the level required for the jobs the ALJ considered. Therefore, we also affirm as to this issue.

## C.

Finally, we conclude the ALJ's evaluation of Alvarez's subjective symptom complaints was supported by substantial evidence.

When a claimant seeks to establish disability based on subjective testimony, he must satisfy two parts of a three-part test, showing: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); see also 20 C.F.R. § 404.1529(a). The ALJ must articulate adequate reasoning for discrediting

---

then used to determine his or her capability of performing various designated levels of work (sedentary, light, medium, heavy, or very heavy). See id. § 404.1567.

subjective testimony.  Wilson, 284 F.3d at 1225.  "Failure to articulate the reasons

for discrediting subjective testimony requires, as a matter of law, that the testimony

be accepted as true."  Id.  We will not disturb a clearly stated credibility

determination supported by substantial evidence.  Mitchell, 771 F.3d at 782.

Here, substantial evidence supported the finding that Alvarez's symptoms

were not as severe, intense, or pervasive as he reported.  Among other things, the

ALJ noted the conservative nature of Alvarez's treatment history and noted that he

declined behavioral therapy to address his psychiatric symptoms.  Although some

of the record evidence may preponderate against that conclusion, we must defer to

the ALJ's decision.  See Mitchell, 771 F.3d at 782 (a clearly stated credibility

determination supported by substantial evidence will not be disturbed); Crawford

v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam) (an

ALJ's decision deserves deference so long as it is supported by substantial

evidence, even if the evidence may preponderate against it).  And Alvarez's

argument that his self-reported symptoms were consistent with his hearing

testimony is self-serving and immaterial to the inquiry of whether his reported

symptoms could be corroborated by the objective medical evidence of his

impairments.  See Wilson, 284 F.3d at 1225; see also 20 C.F.R. § 404.1529(a).

Therefore, we also affirm as to this issue.

**AFFIRMED.**