[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12488
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00235-ACA

LINDA SANDERS,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 1, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Linda Sanders appeals the district court's order affirming the Social Security Commissioner's denial of Sanders's application for disability insurance benefits ("DIB"), 42 U.S.C. § 405(g).  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited: limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Under this limited standard of review, we must not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ").  Id.  We review de novo the district court's determination about whether substantial evidence supports the ALJ's decision. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

A person who applies for Social Security DIB benefits must first prove that she is disabled.  See 20 C.F.R. § 404.1512(a).  The Social Security Regulations

outline a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4).  The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform.  Id.

Applying the five-step evaluation process, the ALJ first determined that Sanders had engaged in no substantial gainful activity since her amended onset date of 15 October 2015.  The ALJ then determined that Sanders had two severe impairments: diabetes and hypertension.  The ALJ determined that Sanders had the RFC to perform light work with some physical limitations, including requiring "an ability to sit or stand at will."  Considering Sanders's age, education, work experience, and RFC (together with the vocational expert's testimony), the ALJ determined that Sanders could perform other work in the national economy.  Accordingly, the ALJ concluded that Sanders was "not disabled."

3

Sanders administratively appealed the ALJ's decision to the Appeals Council. In support of her application, Sanders submitted additional medical records dated both before and after the ALJ's February 2018 decision. The Appeals Council denied Sanders's request for review. About Sanders's additional evidence, the Appeals Council determined (1) that no "reasonable probability" existed that the medical records dated before the ALJ's decision would change the outcome; and (2) that the records dated after the ALJ's decision had no effect on the ALJ's decision about whether Sanders was disabled on or before February 2018.

The district court affirmed.

## I.

On appeal, Sanders contends that the ALJ failed to give adequate weight to the medical opinion of her treating physician, Dr. Ladipo. In a letter dated January 2015, Dr. Ladipo noted that Sanders "cannot keep a job as of now due to her chronic medical condition." Dr. Ladipo also said that Sanders "cannot stand or sit for prolonged periods of time due to her back pain."

4

In deciding how much weight to give a medical opinion, the ALJ considers, among other things, (1) the examining relationship; (2) the treatment relationship; (3) the extent to which the opinion is supported by medical evidence and explanations; and (4) whether the opinion is consistent with the record as a whole. 20 C.F.R. § 404.1527(c).  Absent "good cause" to the contrary, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004).  Good cause may exist under these circumstances: (1) the treating physician's opinion was not bolstered by evidence; (2) evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ must articulate clearly the reasons for giving less weight to the treating physician's opinion.  Id.

Substantial evidence supports the ALJ's decision to give only partial weight to Dr. Ladipo's opinion.  First -- as noted by the ALJ -- Dr. Ladipo's opinion that Sanders was unable to work is entitled to no weight because that conclusion is an administrative determination reserved to the Commissioner.  See 20 C.F.R. § 404.1527(d).

5

The ALJ also articulated good cause for giving less weight to Dr. Ladipo's opinion about Sanders's physical limitations. The ALJ explained that the term "prolonged period" was vague and provided no specific information about how long Sanders could sit or stand in one position. Moreover, Dr. Ladipo's treatment records contain no objective or clinical evidence to support Dr. Ladipo's opinion about Sanders's limited ability to sit or stand. Instead, the treatment records indicate consistently that Sanders had a normal gait, normal motor strength, and intact sensory function during the pertinent time. In any event, the ALJ included in the RFC that Sanders have the option to sit or stand at will.

## II.

Sanders next contends the ALJ failed to develop fully and fairly the record. In particular, Sanders says the ALJ failed to obtain medical records from North Alabama Regional Medical Center: records dated between 15 February 2017 and 15 March 2018.

The ALJ "has a basic duty to develop a full and fair record" of the claimant's medical history for the twelve months preceding the application date. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2011); see 20 C.F.R. §

404.1512(b). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276; see 20 C.F.R. § 404.1512(a).

We reject Sanders's assertion that the ALJ failed to develop fully and fairly the record. The record before the ALJ contained sufficient evidence for the ALJ to evaluate Sanders's medical conditions and impairments for the twelve-month period preceding Sanders's October 2015 onset date. The ALJ was under no obligation to develop the medical record beyond that onset date and, thus, had no obligation with respect to the 2017 and 2018 hospital records identified by Sanders. See Ellison, 355 F.3d at 1276 (stating the ALJ "was in no way bound to develop the medical record" for years after the claimant's application date).

Sanders's relies on our decisions in Brown and Cowart, in which we noted that the ALJ's obligation to develop the record "rises to a special duty" when a claimant is unrepresented by counsel. See Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Unlike the claimants in Brown and Cowart, however, Sanders was represented by a lawyer throughout the proceedings. The ALJ, thus, was under no heightened duty to develop the record.

7

III.

Sanders next contends that the Appeals Council failed to evaluate properly the additional evidence Sanders submitted on appeal.

Generally speaking, a claimant may present new evidence at each stage of the administrative process, including before the Appeals Council. Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015). The Appeals Council has discretion to decline review of an ALJ's denial of benefits. See id.; 20 C.F.R. § 404.970(b). "But the Appeals Council 'must consider new, material, and chronologically relevant evidence'" submitted by the claimant. Washington, 806 F.3d at 1320; 20 C.F.R. § 404.970(a)(5). We review de novo the Appeals Council's refusal to consider new evidence and the Appeals Council's denial of review. See Washington, 806 F.3d at 1321.

As an initial matter, we reject Sanders's contention that the Appeals Council applied incorrectly a "reasonable probability" (instead of a "reasonable possibility") standard in denying her request for review. Under the pertinent regulations, when a claimant presents evidence after the ALJ's decision, the Appeals Council must consider whether "there is a reasonable probability that the

8

additional evidence would change the outcome of the decision." See 20 C.F.R. § 404.970(a)(5) (emphasis added).

The Appeals Council committed no error in declining to consider Sanders's additional evidence. The medical records pre-dating the ALJ's decision contained no new material information. Instead, those records contained the same clinical findings evidenced in records already submitted to the ALJ, including that Sanders was diagnosed with hypertension, uncontrolled diabetes, insomnia, and depression with anxiety. Because these records were cumulative of evidence already considered by the ALJ, substantial evidence supports the Appeals Council's determination that no "reasonable probability" existed that the additional evidence would change the outcome. In a similar way, the medical records post-dating the ALJ's decision also consisted of duplicative findings and diagnoses: no new or material evidence. Also, these records were not chronologically relevant to Sanders's medical condition "on or before" the ALJ's decision.

The Appeals Council's review of the newly submitted evidence was adequate. Because the Appeals Council denied review of the ALJ's decision, no detailed explanation of its decision or a discussion of the additional evidence was necessary. See Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 783 (11th

Cir. 2014) (noting that nothing requires the Appeals Council "to provide a detailed discussion of a claimant's new evidence when denying a request for review.").

Substantial evidence supports the ALJ's assessment of Sanders's RFC and the Commissioner's denial of DIB benefits; we affirm.

AFFIRMED.