[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-11702

Non-Argument Calendar

————————————————

KIMBERLY MEDDERS,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:19-cv-01394-SGC

————————————————

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kimberly Medders appeals the district court's order affirming the Commissioner of Social Security's denial of her claim for disability benefits and denying her motion to remand. Medders contends the Appeals Council erred by failing to consider her new and material evidence of disability, and the district court erred by failing to remand to the agency to consider a subsequent favorable disability decision. After careful review, we affirm.

## I.

Medders applied for disability benefits in March 2017 based on a mix of physical and mental ailments and later requested a hearing before an administrative law judge ("ALJ").

At the time of the March 2019 hearing, the treatment records before the agency spanned from 2015 to 2018 and covered, among other things, the diagnosis and treatment of Medders's various physical conditions, including chronic and occasionally severe lower back and neck pain, fibromyalgia, osteoarthritis, neuropathy, and complications from a prior ankle fracture. The records included the results of a CT scan of Medders's ankle and MRI scans of the cervical, thoracic, and lumbar regions of her spine. The lumbar MRI found degenerative changes at multiple levels and a small disc protrusion at L5-S1, the lumbrosacral joint. In addition, Medders testified at the hearing about her impairments.

After the hearing, the ALJ denied benefits on the ground that Medders retained the residual functional capacity to perform light work with certain limitations from September 9, 2016, the alleged disability-onset date, through March 22, 2019, the date of the ALJ's decision.  The ALJ found that Medders suffered from a variety of severe impairments, including fibromyalgia, chronic back pain, neuropathy, "status post left ankle surgery," cervical disc degeneration, and osteoarthritis, but it reasoned that these musculoskeletal and neurological conditions were being conservatively managed with medications and had not required more invasive treatment, apart from lumbar epidural injections.

Medders requested review of the ALJ's decision by the Appeals Council and submitted new evidence of treatment records from five other providers dated between September 2015 and April 2016.  This evidence showed the following: (1) treatment of low back pain, including lumbar epidural injections, from September 2015 and December 2015; (2) the results of conduction velocity and electromyography tests in March 2016, which showed compression neuropathy in Medders's lower extremities; (3) diagnoses of moderate cervical arthritis, cervicalgia, chronic pain syndrome, lumbago with sciatica, and carpal tunnel syndrome; (4) an April 2016 MRI scan indicating degenerative changes at multiple levels and a small disc protrusion at L5-S1; and (5) treatment of posttraumatic arthrosis of her left ankle.  Notably, it appears the MRI scan described in point (4) above was already part of the agency record.

4                  Opinion of the Court                21-11702

The Appeals Council denied review, briefly describing the treatment records Medders had submitted and finding that the new evidence "[did] not show a reasonable probability that it would change the outcome of the decision." Medders sought federal district-court review, and she moved to remand back to the agency to reconsider its decision in light of the new evidence as well as a favorable Social Security decision in August 2020 determining that she was disabled starting on May 1, 2019. *See* 42 U.S.C. § 405(g). The district court affirmed the Appeals Council and denied remand, and Medders appeals.

## II.

With a few exceptions, a Social Security claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015); *see also Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1063 (11th Cir. 2021). The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

The Appeals Council must consider new and material evidence submitted by a claimant and may not "perfunctorily adhere" to an ALJ's decision. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783–84 (11th Cir. 2014). But it need not "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." *Id.* at 784. When the Appeals Council states that it has considered a claimant's new evidence but found it would not affect the result, we will not "second-guess that assertion" absent some "affirmative basis" for concluding that it failed to evaluate the new evidence. *Id.* at 783. For example, if the claimant submits new evidence "related to an entirely new condition which could have caused the claimant's back pain," we would expect the Appeals Council "to satisfactorily explain that new evidence." *Id.* But no further explanation is necessary where the claimant presents "additional evidence" related to a medical condition that was already considered by the ALJ. *See id.* at 783–85.

Here, the record does not support Medders's claim that the Appeals Council failed to consider her new evidence. The Appeals Council explicitly noted each of the medical records Medders submitted and found that the new evidence did not show a reasonable probability of a different result. It was not required to give a detailed rationale for why each piece of new evidence submitted did not change the ALJ's denial of benefits. *See Mitchell*, 771 F.3d at 784. Nor has Medders identified an "affirmative basis" to question the Appeals Council's statement, such as evidence of a new or worsened impairment. *See id.* at 783. Rather, it appears that the

treatment records covered medical conditions that were already before the ALJ. *See id.* Under *Mitchell*, therefore, the Appeals Council's brief explanation was adequate to show it considered Medders's new evidence.

Moreover, the new evidence Medders submitted did not render the Commissioner's denial of benefits erroneous. *See Ingram*, 496 F.3d at 1262. To start, the new treatment records predate the alleged disability onset date of September 9, 2016, and so do not speak directly to the relevant time period. Moreover, the new records relate to medical conditions that were either already documented in the existing record, such as the disc protrusion at L5-S1, or were addressed in Medders's testimony to the ALJ. And the ALJ's decision reflects that he considered the impairments reflected in the new treatment records, including lower back and leg pain, osteoarthritis, complications from a prior ankle fracture, and neuropathy.

Apart from broadly asserting that the new records "add substantially" to her claim, Medders does not identify any specific information that undermines the ALJ's assessment of her conditions during the relevant period. And she does not otherwise present an argument that the ALJ's decision is not supported by substantial evidence. Accordingly, we affirm the Appeals Council's decision to deny review.[1]

---

[1] For the same reasons, we affirm the district court's denial of Medders's motion to remand under "sentence four" of 42 U.S.C. § 405(g). *See Ingram v.*

21-11702               Opinion of the Court                    7

### III.

Medders also claims that the district court should have remanded her disability claim to the agency to consider a subsequent favorable decision in August 2020 determining that she was disabled starting on May 1, 2019. Reviewing *de novo*, we disagree. *See Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

Under "sentence six" of 42 U.S.C. § 405(g), the district court may "remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram*, 496 F.3d at 1267. To warrant remand, the claimant must establish that the evidence is new and material and that good cause exists for the failure to submit the evidence previously. *Id.*

In this Circuit, a subsequent favorable disability decision is not newly discovered evidence. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015) ("A decision is not evidence any more than evidence is a decision."). While noting a circuit split on the issue, we explained that there was no inconsistency in finding that two successive ALJ decisions were supported by substantial evidence—a deferential standard—even when those decisions reached opposing conclusions. *Id.* at 822. Nonetheless, the

---

*Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1266–68 (11th Cir. 2007) (explaining that sentence four of § 405(g) permits remand where the decision to deny benefits was not supported by substantial evidence in the record as a whole based on the evidence that the Appeals Council did not adequately consider).

evidence supporting a subsequent favorable decision may constitute new and material evidence under § 405(g). *See id.* at 821–22.

Here, as in *Hunter*, "the only 'new evidence' [Medders] cites in support of her request for remand is the later favorable decision." *Id.* at 822. But "that decision is not evidence for purposes of § 405(g)." *Id.* While Medders also points to the new treatment records from 2015 and 2016, those records were presented to and considered by the Appeals Council, as discussed above, and so do not present grounds for a sentence-six remand. *See Ingram*, 496 F.3d at 1266–68.

Despite Medders's belief that *Hunter* picked the wrong side of the circuit split, we as a panel are bound by that decision. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."). Accordingly, the district court properly denied remand under sentence six based on the subsequent favorable disability decision.

## IV.

In sum, and for the reasons stated above, we affirm the district court's decision to affirm the Commissioner's denial of disability benefits and to deny Medders's request for remand.

**AFFIRMED.**